MONTE R. EDWARDS and ELEANOR M. EDWARDS, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Edwards v. Commissioner
Docket No. 19153-80.
United States Tax Court
T.C. Memo 1981-669; 1981 Tax Ct. Memo LEXIS 73; 42 T.C.M. (CCH) 1706; T.C.M. (RIA) 81669; November 19, 1981. Monte R. Edwards, pro se. Milton J. Carter, for the respondent. FEATHERSTON
MEMORANDUM FINDINGS OF FACT AND OPINION FEATHERSTON, Judge: Respondent determined a deficiency in the amount of $ 19,597 in petitioners' income tax for 1976 and an addition to tax in the amount of $ 979.85 under section 6653(a). [1] The only issue for decision is whether the notice of deficiency was timely issued under sections 6501(a) and 7609(e). FINDINGS OF FACT Petitioners Monte R. Edwards and Eleanor M. Edwards were legal residents of Seattle, Washington, when they filed their petition. The notice of deficiency was issued by the Phonix, Arizona, District Office of the Internal Revenue Service. For convenience, Monte R. Edwards will hereinafter be referred to as petitioner. On July 15, 1980, respondent *75 issued a notice of deficiency in which certain employee business expenses ($ 2,321), a mining exploration loss ($ 35,408), and itemized deductions ($ 10,628) were disallowed, and an addition to tax under section 6653(a) was determined. In lieu of the claimed deductions, the standard deduction ($ 2,800) was allowed. The petition alleges that the deductions were "arbitrarily disallowed * * * without consideration or basis," that the "negligence penalty * * * was asserted arbitrarily and without basis," and that the "Statute of limitations has run." When the case was called for trial on September 28, 1981, and again on September 29, 1981, petitioners did not appear. Respondent filed a motion to dismiss for lack of prosecution. Because the pleadings showed that the notice of deficiency was issued more than 3 years after the due date of petitioners' 1976 return and petitioners had pleaded the statute of limitations, respondent offered evidence designed to show that the notice of deficiency was nonetheless timely mailed. [2]
*76 On January 30, 1980, Internal Revenue Agent Carlos J. Matiella (Matiella) served a summons on R. Keith Hendricks (Hendricks), a certified public accountant, directing him to produce certain records of petitioner and his business, SEA-PAC, for the years 1973 through 1978 and appear before the Criminal Investigation Division of the Internal Revenue Service on February 14, 1980. On February 1, 1980, Matiella served a copy of this summons on petitioner by certified mail. On February 7, 1980, petitioner sent a letter to Hendricks objecting to the disclosure of his records and directing him not to comply with the summons. On February 8, 1980, Matiella served a summons on John Augsburger (Augsburger), Assistant Vice President of the First National Bank of Arizona (the bank) in Phoenix, directing the production of certain documents relating to petitioner and his business, SEA-PAC, for the years 1973 through 1978 and to appear before the Criminal Investigation Division of the Internal Revenue Service on February 26, 1980. Under date of February 16, 1980, petitioner sent a letter to Augsburger objecting to the disclosure of his books and records to anyone and directing him not to comply *77 with the summons. On March 18, 1980, a petition to enforce the summons was filed in the United States District Court, District of Arizona, against Hendricks, and on March 21, 1980, an order was issued by the district court directing Hendricks to show cause why he should not be compelled to testify and produce the requested documents. On April 3, 1980, the district court entered an order granting petitioner's motion to intervene in the proceeding. On April 8, 1980, the district court issued an order directing Hendricks to give testimony and produce the requested documents. On April 15, 1980, a petition was filed in the district court against Augsburger and the bank to enforce the summons served with respect to petitioner's records. On May 20, 1980, the district court issued an order enforcing the summons served on Augsburger and the bank. OPINION Under section 7609(a), [3] if an administrative summons is served on "any person who is a third-party recordkeeper" requiring the production of records on the affairs of a person, notice must be given to the person whose records are sought within 3 days of the date on which service is made and not less than 14 days before the date *78 fixed for compliance with the summons. Under section 7609(b), such person may stay compliance with the summons by notice in writing to the person summoned not to comply with the summons. That section also authorizes the person whose records are sought to intervene in any proceeding with respect to the enforcement of the summons. Section 7609(e) provides: *79 (e) Suspension of Statute of Limitations. -- If any person takes any action as provided in subsection (b) and such person is the person with respect to whose liability the summons is issued * * *, then the running of any period of limitations under section 6501 (relating to the assessment and collection of tax) * * * shall be suspended for the period during which a proceeding, and appeals therein, with respect to the enforcement of such summons is pending. Respondent contends that, even if the notice of deficiency was not issued within the 3-year period prescribed by section 6501(a), it was nonetheless timely under section 7609(e). In the instant case, an administrative summons was served on Hendricks on January 30, 1980, with respect to 1976 and certain other years. On February 7, 1980, petitioner directed Hendricks, pursuant to section 7609(b)(2)(A), not to comply with the summons, and on March 18, 1980, a suit to enforce the summons was instituted. Subsequently, the district court granted a motion filed by petitioner to intervene in the enforcement action pursuant to section 7609(b)(1). Because petitioner directed Hendricks not to comply with the summons, as contemplated *80 by section 7609(b), the running of the 3-year statute of limitations on assessment was suspended by section 7609(e), effective March 18, 1980. The district court's order to Hendricks to comply with the summons was filed April 8, 1980. Under rule 4(a)(1), Federal Rules of Appellate Procedure, the 60-day period for appeal of this order expired June 8, 1980. In the meantime, however, the summons covering 1976 and certain other years was served on Augsburger and the bank on February 8, 1980. Petitioner stayed the bank's compliance with this summons as permitted by section 7609(b)(2). An enforcement action was then instituted on April 15, 1980. The district court's order enforcing the summons was filed May 20, 1980, and the 60-day priod to appeal the order expired July 20, 1980. As a result of petitioner's action in staying compliance with the two summonses, enforcement actions were instituted. Under section 7609(e), the statute of limitations on assessments against petitioner for 1976 income tax was suspended from March 18, 1980, the date on which the enforcement action against Hendricks was filed, until July 20, 1980, the date on which the *81 period for appeal expired in the Augsburger/bank enforcement proceeding. The notice of deficiency of July 15, 1980, was mailed within the 3-year period prescribed by section 6501(a) as extended by section 7609(e) and was thus timely. [4]
Because petitioner failed to appear and introduce evidence with respect to the correctness of the determinations in the notice of deficiency, respondent's motion to dismiss for lack of prosecution will be granted and the case will be dismissed. To reflect the foregoing, An appropriate order will be issued. Footnotes
1. All section references are to the Internal Revenue Code of 1954, as in effect during the tax year in issue, unless otherwise noted.↩
2. The fact that testimony was heard on the applicability of sec. 7609(e) is not intended to indicate that, in the Court's view, respondent was required to offer evidence on that point. Cf. Rule 39, Tax Court Rules of Practice and Procedure.↩
3. SEC. 7609. SPECIAL PROCEDURES FOR THIRD-PARTY SUMMONSES. (a) Notice. -- (1) In General. -- If -- (A) any summons described in subsection (c) is served on any person who is a third-party recordkeeper, and (B) the summons requires the production of any portion of records made or kept of the business transactions or affairs of any person (other than the person summoned) who is identified in the description of the records contained in the summons, then notice of the summons shall be given to any person so identified within 3 days of the day on which such service is made, but no later than the 14th day before the day fixed in the summons as the date upon which such records are to be examined. Such notice shall be accompanied by a copy of the summons which has been served and shall contain directions for staying compliance with the summons under subsection (b)(2). (b) Right to Intervene; Right to Stay Compliance. -- (1) Intervention. -- Notwithstanding any other law or rule of law, any person who is entitled to notice of a summons under subsection (a) shall have the right to intervene in any proceeding with respect to the enforcement of such summons under section 7604. (2) Right to stay compliance. -- Notwithstanding any other law or rule of law, any person who is entitled to notice of a summons under subsection (a) shall have the right to stay compliance with the summons if, not later than the 14th day after the day such notice is given in the manner provided in subsection (a)(2) -- (A) notice in writing is given to the person summoned not to comply with the summons, and (B) a copy of such notice not to comply with the summons is mailed by registered or certified mail to such person and to such office as the Secretary may direct in the notice referred to in subsection (a)(1).↩
4. The language of section 7609(e) has ambiguities. It is not absolutely clear that the statute of limitations suspension period caused by one summons enforcement action can be tacked on to the suspension period caused by another one, but we need not decide that issue. In the instant case, the Augsburger/bank enforcement action, instituted April 15, 1980 (which was within the applicable 3-year period in respect of 1976), alone is sufficient to suspend the period beyond the date on which the notice of deficiency was issued.↩