UNITED STATES of America, Appellee,

v.

**Thore P. MEYER, Appellant.**

No. 86–5243.

United States Court of Appeals,
Eighth Circuit.

Submitted Dec. 9, 1986.

Decided Jan. 13, 1987.

As Modified on Denial of Rehearing
Feb. 19, 1987.

Robert J. Sorensen, Minneapolis, Minn., for appellant.

Donald M. Lewis, Asst. U.S. Atty., Minneapolis, Minn., for appellee.

Before ROSS, JOHN R. GIBSON and FAGG, Circuit Judges.

FAGG, Circuit Judge.

Thore P. Meyer appeals his convictions on three counts of personal income tax evasion, 26 U.S.C. § 7201, and two counts of willfully signing false corporate tax returns, 26 U.S.C. § 7206(1). We affirm.

Meyer is president and chief civil engineer of Meyer-Rohlin Inc. (Meyer-Rohlin), an engineering firm in Buffalo, Minnesota. Meyer-Rohlin's general business practices include deposit in the account of the corporation all payments received from clients for engineering services rendered. During tax years 1978, 1979, and 1980, however, Meyer-Rohlin received a number of clients' checks which Meyer either cashed or deposited in his personal checking account. Part of the funds obtained in this manner were applied by Meyer to amounts due on a personal bank loan. Although the clients' statements were marked paid, the payments were not shown as cash receipts or sales entries on the corporation's books and were not deposited in the corporation's bank account. None of these items was reported as income on Meyer's individual tax returns for 1978, 1979, or 1980, or as gross receipts on the corporation's 1978 or 1979 returns.

In 1983 the Internal Revenue Service (IRS) instituted a summons enforcement action against Meyer in district court. The district court entered its order enforcing the summons on May 2, 1984, and no appeal from that order was taken. Meyer was indicted by a grand jury on January 17, 1986.

Meyer argues the district court committed error in failing to dismiss, as barred by the applicable six-year statute of limitations, two counts pertaining to the 1978 returns. *See* 26 U.S.C. § 6531. The government concedes Meyer was indicted more than six years after the returns were due, but contends the statute was tolled under 26 U.S.C. § 7609(e) for a period of time sufficient to make the prosecutions timely. We agree.

The parties agree section 7609(e) will operate to suspend the limitations period

while an IRS enforcement proceeding is pending in district court. The crux of the dispute here is whether the proceeding continues to "pend" for purposes of the tolling statute during the sixty-day period in which an appeal from the enforcement proceeding could be taken. *See* Fed.R.App.P. 4(a)(1). But for the inclusion of the additional sixty days, Meyer's prosecution on the 1978 returns would be barred by the statute of limitations.

Section 7609(e) provides as follows:

(e) *Suspension of Statute of Limitations*—If any person takes any action as provided in subsection (b) and such person is the person with respect to whose liability the summons is issued (or is the agent, nominee, or other person acting under the direction or control of such person), then the running of any period of limitations under section 6501 (relating to the assessment and collection of tax) or under section 6531 (relating to criminal prosecutions) with respect to such person shall be suspended for the period during which a proceeding, and appeals therein, with respect to the enforcement of such summons is pending.

26 U.S.C. § 7609(e). The language, "for the period during which a proceeding, and appeals therein * * * is pending," does not specifically address whether the period allowed for appeal is to be included in the tolling period in the event an appeal is not actually taken.

■ Meyer argues the language of section 7609(e) is clear on its face the appeal period alone does not have a tolling effect and, even if the statute is ambiguous, rules of interpretation and construction operate in his favor. In support of its position, the government cites a Tax Court decision and a treasury regulation which specifically interpret section 7609(e) to toll the statute of limitations during the period allowed for appeal. *See Edwards v. Commissioner*, 42 T.C.M. 1706 (1981); 26 C.F.R. § 301.7609–5(b). This issue is no longer one of first impression in this circuit. This court has re-

cently held an enforcement proceeding is pending during the sixty-day appeal period. *United States v. Orlowski*, 808 F.2d 1283 (8th Cir.1986). Meyer's prosecutions on the 1978 returns are thus not barred by section 6531.

■ Meyer also argues the evidence is insufficient to support his conviction with regard to his 1980 personal return because the return was submitted in good faith reliance on the expert advice of his attorney and accountant. Good faith reliance on an expert tax preparer may be a defense to a tax evasion charge, *see United States v. Vannelli*, 595 F.2d 402, 404–05 (8th Cir. 1979), but only if the taxpayer makes complete disclosure of all the relevant facts. *See, e.g., United States v. Samara*, 643 F.2d 701, 703 (10th Cir.), *cert. denied*, 454 U.S. 829, 102 S.Ct. 122, 70 L.Ed.2d 104 (1981). The question of Meyer's good faith reliance on expert advice, however, was submitted to the jury and there is ample evidence from which the jury could conclude the professional advice given was based on less than full disclosure by Meyer.

■ As to all of the counts, Meyer claims the evidence was insufficient to show he had the necessary criminal intent because he believed the transactions were informal loans to him by the corporation rather than unreported income. The government, however, presented evidence the diverted checks were neither recorded as corporate receipts nor loans to Meyer, although other legitimate loan transactions were recorded in detail. Meyer's intent argument was presented to and rejected by the jury. The evidence when viewed most favorably to the verdict is sufficient to support Meyer's convictions.

■ Finally, Meyer contends the district court committed error when it refused his request to give two instructions setting out the theory of his defense. A criminal defendant is entitled to a "theory of defense" instruction if the instruction correctly states the law and the facts in evidence

support the theory. *See United States v. Richmond,* 700 F.2d 1183, 1195–96 (8th Cir. 1983). As to the form of the instructions generally, however, the district court exercises its discretion and "a defendant is not entitled to a particularly worded instruction where the instructions given, when viewed as a whole, adequately and correctly cover the substance of the requested instruction." *United States v. Reda,* 765 F.2d 715, 719 (8th Cir.1985). After reviewing the transcript in this case, we conclude the district court did not abuse its discretion. The proposed instructions were argumentative, and Meyer's theory the transactions were merely informal loans was included in the final instructions so that the jury was correctly informed of the theory of Meyer's defense.

After full consideration of the record, briefs, and arguments of the parties, we affirm Meyer's convictions.