Charles and Marion HEFTI, Appellants,

v.

COMMISSIONER OF INTERNAL
REVENUE, Appellee.

No. 89–1302.

United States Court of Appeals,
Eighth Circuit.

Submitted Nov. 15, 1989.

Decided March 26, 1990.

James J. Knappenberger, Clayton, Mo.,
for appellants.

Janet Bradley, Washington, D.C., for appellee.

Before FAGG, Circuit Judge, FLOYD
R. GIBSON, and BRIGHT, Senior Circuit
Judges.

FLOYD R. GIBSON, Senior Circuit
Judge.

Charles and Marion Hefti appeal the tax
court's [1] dismissal of their case for failure
to comply with orders of that court. We
vacate the judgment and remand for determination of whether Treas. Reg.
§ 301–7609–5(b) exceeds the congressional
authorization in I.R.C. § 7609(e).

## I. BACKGROUND

### A. The Dismissal

The Heftis received a statutory notice of
deficiency from the Commissioner of Internal Revenue (the "Commissioner") on December 7, 1987, for deficiencies in the tax
years 1983, 1984, and 1985. In March
1988, the Heftis filed petitions in the tax
court seeking a redetermination of only the
1983 case. The Heftis argued that the
determination and penalties were assessed
in error and that the Commissioner had
sent their statutory notice of deficiency
beyond the three-year limitations period
prescribed by statute.

The Heftis were familiar with proceedings in tax courts, having been involved in
litigation with the Commissioner on other
occasions. Their *pro se* pleadings evidence
at least some working knowledge of procedure and even some substantive law.[2]

---

1. The Honorable Perry Shields, United States
Tax Court Judge.

2. We do note, however, that the fact that they
proceeded *pro se* probably caused the Heftis

difficulties as well. *See United States v. Hefti,*
879 F.2d 311, 315 n. 13 (8th Cir.1989), *cert.
denied,* — U.S. ——, 110 S.Ct. 1125, 107
L.Ed.2d 1031 (1990).

Nevertheless, they repeatedly failed to cooperate with the Commissioner in the preparation of a stipulation and, when they cooperated, did so only on the barest of facts such as their names and place of residence. They were well apprised of when and where their trial was to be held. Nevertheless, they were without justifiable excuse for their failure to appear when their case was called in October 1988.[3] We find it unnecessary to detail any further facts in this regard, and suffice it to say that the record makes it clear that the tax court did not abuse its discretion by dismissing the Heftis' case for the 1983 year. *See Long v. C.I.R.*, 742 F.2d 1141 (8th Cir.1984) (per curiam); *Hart v. C.I.R.*, 730 F.2d 1206, 1208 (8th Cir.1984) (per curiam). We affirm the tax court on that point, subject to the remand discussed below.

The tax court, of course, was without authority to render a decision on the 1984 and 1985 years as they were not contested by the petition before it.[4] The facts surrounding the statute of limitations and the treasury regulation, however, require further explication.

### B. The Statute of Limitations

The Heftis received their statutory notice of deficiency for the 1983 tax year on December 7, 1987, some three years and 236 days after their timely tax filing on April 15, 1984. The deficiency was assessed beyond the statute of limitations by about 236 days, absent some tolling of the statute.[5] Here the statute was tolled by a petition from the Heftis to quash a summons obtained by the Commissioner in United States District Court against a third-party bank.

The Heftis filed their motion to quash on October 29, 1986. The statute was tolled at that point. On May 1, 1987, the District Court dismissed the petition. From that dismissal the Heftis had a right of appeal. However, on May 18, 1987, before any further action by the Heftis, full compliance was made with the summons by the third-party bank. That full compliance would necessarily moot any appeal taken by the Heftis, though technically they could actually file an appeal, as the time to appeal had not expired.

Thus, two dates are in contention as the day on which the statute began to again run: May 18, 1987, the date of full compliance by the third-party bank, and June 30, 1987, the date by which the Heftis would have had to have filed an appeal (within sixty days) from the District Court's May 1st order of dismissal. Taking May 18, 1987, as the date on which the statute began to again run, the tolled period was for some 201 days, and the notice of deficiency sent on December 7, 1987, would have been outside the statute of limitations by more than a month. On the other hand, taking June 30, 1987, the tolled period was for some 244 days, and the deficiency notice would have been mailed inside the statutory period with more than a week to spare. The Heftis argue the former tolled period, while the Commissioner argues the latter, relying on the treasury regulation in question. The Heftis filed a summary judgment motion on this point with the tax court on September 21, 1988, which was denied the following day without remarks and apparently without considering the regulation which is the subject of our remand.

3. The Heftis go a long way to make an argument that we find to be without merit. Much of the Heftis' difficulties arose from a failure to comply with discovery in the tax court. They argue that they failed to do so to avoid mooting parallel litigation in United States District Court. Whatever their perceptions about mootness, the Heftis were obligated to comply with the discovery requirements and orders of the tax court.

4. The tax court recognized this when it said that it was reaching a decision on those years "[t]o

the extent, if any, that [it] should have by some stretch of the imagine [sic] jurisdiction over the years 1984 and 1985." Record Doc. 30, p.31. It had none, and its decision on those years is reversed. I.R.C. § 6214(b) (1982).

5. I.R.C. § 6501(a) (1982) gives the Commissioner three years from the taxpayer's return filing to assess and send notice of a deficiency, although by 6501(b)(1) a return filed before the last day prescribed by law is deemed filed on that last day.

This appeal comes from the tax court's dismissal of the Heftis' suit by its November 8, 1988, order and decision. We find the Heftis' claims on sanctions and recusal of the tax judge to be without merit. We discuss only the statute of limitations claim below.

## II. DISCUSSION

### A. Reviewability of the Summary Judgment Denial

■ The first matter in the statute of limitations issue is whether we can pass on the question at all. Raised by the Heftis in a motion for summary judgment which was denied by the tax court, the issue was the subject of an interlocutory order and not directly appealable. Because the Heftis' claim was dismissed by the tax court for failure to comply with orders of that court, the question is whether the denial of summary judgment merges into the order of dismissal and final decision of the tax court so that we can review the statute of limitations issue. We believe that it does.

The commissioner makes a sound procedural argument for the rule that interlocutory orders do not merge into dismissals for failure to prosecute, relying on *Ash v. Cvetkov*, 739 F.2d 493 (9th Cir.1984), *cert. denied*, 470 U.S. 1007, 105 S.Ct. 1368, 84 L.Ed.2d 387 (1985). This circuit has very recently relied on *Cvetkov*, adopting the same rule of law in the case of *DuBose v. Minnesota*, 893 F.2d 169 (8th Cir.1990).

*DuBose* involved several Title VII claims, some of which had been dismissed on a motion for summary judgment, others of which had not. When the remaining claims went unprosecuted, the district court dismissed them for that reason. On appeal of the dismissal order, DuBose sought review of the earlier partial summary judgment order entered against him. We held (over a dissent) that review of that order was unavailable because it had not merged with the Rule 41(b) dismissal for

failure to prosecute, whether that failure was purposeful or not. We did so for the policy reason that a failure to prosecute should not reap the benefit of gaining review of an otherwise unreviewable interlocutory order. And, of course, underlying that reason is the familiar concern for judicial economy by the avoidance of piecemeal litigation.

Those reasons, however, we do not believe make for good policy in this case. While we think the rule of law in *DuBose* is a good one for standard civil disputes, we do not think it should apply in the Heftis' tax case for the following reasons.

First, where DuBose had filed separate claims under Title VII arising over several years time, the Heftis have but one claim, that their 1983 tax deficiency was wrongly assessed. DuBose had partial summary judgment entered against him on some claims and not others based on the facts of his several claims, while the Heftis had summary judgment entered against them on what amounts to a question of law as to the applicability of the statute of limitations, under their one and only claim.[6] Preventing the merger of separate and earlier decided claims into the dismissal of unprosecuted claims seems a wise rule, but preventing the merger of an integral issue of law into dismissal of the only claim does not. In *DuBose* the district court entered partial summary judgment on some claims, and the case proceeded for the determination of separate claims until dismissed for failure to prosecute those surviving claims. Regardless of how the partial summary judgment order was entered, some claims were going to survive. Here summary judgment was denied to the Heftis on a legal question, allowing the case to proceed. Hence, if summary judgment had been entered in favor of the Heftis, no claim would have survived at all and the Commissioner could have appealed.

Second, the lawsuit the Heftis initiated by their petition for redetermination was

6. We cannot say from the record on what basis the tax court denied the Heftis' summary judgment motion. Certainly the undisputed facts with respect to the dates involved make it appear that the statute was exceeded (or not) depending only on what interpretation one gives the statute and applicable regulation, not on any disputed facts. That is necessarily a question of law, and thus we conclude that the motion was denied as a matter of law.

not a standard civil case—it was a tax case. When a taxpayer petitions for redetermination of a deficiency, in essence, the plaintiff-taxpayer becomes the defendant. It is really the Commissioner who has begun the litigation, because the taxpayer has no alternative but to sue for a redetermination. Thus the dismissal suffered in civil litigation as in *DuBose* is not as harsh as that incurred by dismissal in tax court. While DuBose's case was dismissed with prejudice, and a Rule 41(b) dismissal is considered an adjudication on the merits, he lost only the chance to make his case. The Heftis, in suffering a tax court dismissal, suffered dismissal, adjudication on the merits under Rule 123(d),[7] and an order assessing deficiency.

Third, it is this last sufferance (which makes the Heftis look more like defendants hit with a default judgment in favor of the Commissioner than simply like plaintiffs who have perhaps sat on their rights) combined with the substantial legal question of whether the treasury regulation exceeds congressional authority, that compels us to allow review of the summary judgment order in this case.

It is not without some trepidation that we do so, lest we open the way for "a rule that would depend upon nice calculations as to a plaintiff's motives, or lack thereof, for permitting a ... dismissal to be entered." *DuBose*, 893 F.2d at 171. We are cautious that we heed that wisdom and do not invite room for that rule, let alone make such a rule ourselves. We have carved no real exception from the principle *DuBose* announced; we have simply found that it cannot, for the reasons given, apply in this case. "The punishment should fit the crime," *id.* at 172 (Arnold, J., dissenting), and while DuBose's punishment was deserved, similar punishment against the Heftis is not.

### B. The Statute of Limitations and the Treasury Regulation

■ As we outlined above, two views are in contention as to how long the statute of limitations was tolled in this case. Taking

the statute on its face alone leaves some room for argument both ways, but that is where we must begin. In pertinent part, the statute reads:

**(e) Suspension of statute of limitations (1) subsection (b) action**

If any person takes any action as provided in subsection (b) and such person is the person with respect to whose liability the summons is issued ..., then the running of any period of limitations under section 6501 ... or under section 6531 ... with respect to such person shall be suspended for the period during which a proceeding, and appeals therein, with respect to the enforcement of such summons is pending.

I.R.C. § 7609(e) (Supp. V 1987).

In this case the (motion to quash) proceeding was dismissed by the district court on May 1, 1987. The proceeding was no longer pending, but an appeal from the dismissal was possible for sixty days thereafter. Under the statute, the tolling period continues during the pendency of a possible appeal. If nothing had happened in the interim, it would appear that the statute would be tolled until those sixty days had run. However, something did happen. The third-party bank complied with the summons on May 18, 1987. If that compliance moots the possibility of an appeal, then, arguably, the statute again began to run on May 18, because no appeal would have been pending. Contrariwise, an appeal could technically still be filed from the order of dismissal, and the statute could be said to be tolled until the sixty days for filing an appeal were up. Thus, the statute alone does not resolve our dispute.

Fortunately we have case law interpreting the statute. In *United States v. Orlowski*, 808 F.2d 1283 (8th Cir.1986), *cert. denied*, 482 U.S. 927, 107 S.Ct. 3210, 96 L.Ed.2d 697 (1987), Judge Bright, writing for the panel, said:

We hold that a proceeding to enforce an IRS summons should be deemed "pending" until there exists full compli-

---

7. United States Tax Court Rules, Rule 123(d).

ance with the IRS summons or until the sixty-day appeal period following the entry of the judicial enforcement order has lapsed, *whichever is shorter.*

*Id.* 808 F.2d at 1287 (emphasis added).

In *Orlowski* full compliance was had after the appeals period had run anyway. In a subsequent case, *United States v. Meyer*, 808 F.2d 1304 (8th Cir.1987), Judge Fagg, in his opinion for the court, cited *Orlowski* for the proposition that the statute of limitations is tolled during the pendency of an appeal whether an appeal is taken or not. *Id.* at 1306. *Meyer* did not involve any compliance.

The "shorter period" in *Orlowski* and in *Meyer* was the sixty-day appeal period. But in this case, the compliance period was shorter as it was had in full by May 18, 1987. Thus, straight application of the rule announced in *Orlowski* (and left intact by *Meyer*) would suggest that the tolled period ended once the third-party bank fully complied on May 18, 1987.

Having said all that, however, only brings us to the beginning of our inquiry, because now we must consider the relevant treasury regulation which reads:

(b) *Period during which a proceeding, etc., is pending.* Under section 7609(e), the statute of limitations may be suspended for the period during which a proceeding, and appeals therein, with respect to the enforcement of such summons is pending. This period begins on the date the petition to quash the summons is filed in district court. The period continues until all appeals are disposed of, or until the expiration of the period in which an appeal may be taken or a request for a rehearing may be made. *Full compliance, partial com-pliance, and noncompliance have no effect on the suspension provision.*

Treas. Reg. § 301.7609–5(b) (as amended in 1986) (emphasis added).

This regulation is directly contrary to the holding in *Orlowski* that full compliance terminates the tolled period if it occurs before the sixty-day appeal period has run. Neither *Orlowski* nor *Meyer* discusses the regulation,[8] and it is unclear how it might have been incorporated into either opinion had it been considered.

What is clear, in light of our holding in *Orlowski* with respect to I.R.C. § 7609(e), is that the treasury regulation may exceed the scope of that section, and thereby be invalid. The tax court, as we earlier noted, gave no reason for its denial of the Heftis' summary judgment motion on the statute of limitations. Ordinarily we would review the denial of the motion as though we were hearing it ourselves, but because the regulation does not appear to have been considered in the disposition of that motion, we do not reach the question. We believe it is a question best considered first by the tax court.

Our research has revealed but one case that has addressed the precise question we ask. In *Henson v. C.I.R.*, T.C. Memo 1986–303 (subsequent history omitted), the tax court found that the regulation was not inconsistent with the statute. The Eleventh Circuit apparently upheld that holding, while reversing and remanding in part on other grounds. *Henson v. C.I.R.*, 835 F.2d 850 (11th Cir.1988). The court, however, did not discuss the question at all, and it would be a stretch to suggest that the circuit opinion stands for the proposition made in the memorandum. In any event, we do not consider the memorandum opinion from the tax court to be dispositive

---

**8.** *Meyer* does cite the regulation to support its holding that the statute of limitations is tolled during the sixty-day appeal period, but without discussion. *Meyer* goes on to point to *Orlowski* as the controlling law of the circuit. We do not agree with the Commissioner that *Meyer* stands with the regulation for the proposition that compliance of any kind has no effect on the tolled period. To the contrary, *Meyer* did not involve a compliance period and did not attempt to distinguish *Orlowski* along that line.

We must take the opinions together, and in so doing, we read them as consistent. *Meyer* simply does not reach the question answered in *Orlowski*—whether full compliance cuts off the tolled period. *Meyer* stands for the proposition that "pendency" is during the sixty-day appeals period, while *Orlowski* stands for the same proposition, with the proviso that if full compliance comes sooner, the tolled period ("pendency") ends.

of the question as it arises in this circuit, in light of *Orlowski*, under the circumstances of this case.

## III. CONCLUSION

We vacate the judgment and remand with instructions for the tax court to consider the scope of the treasury regulation vis-a-vis statutory authorization from I.R.C. § 7609(e) consistent with this opinion. If the tax court deems the treasury regulation valid and controlling in this case, it may enter a judgment of dismissal consistent with that ruling and the previous determination of the tax court. Alternatively, if the tax court determines that the regulation is inconsistent with the statute, *see Orlowski*, 808 F.2d at 1287, it must enter an order granting the taxpayers' summary judgment on the grounds that the deficiency notice for 1983 was sent by the Commissioner out of time.

FAGG, Circuit Judge, dissenting.

I respectfully dissent.

This panel of the court is not at liberty to ignore the ruling in *DuBose v. Minnesota*, 893 F.2d 169 (8th Cir.1990), merely because the panel "do[es] not believe [*DuBose*] make[s] for good policy in this case." *Ante* at 711. Only the court sitting en banc has that prerogative. *Yates v. United States*, 753 F.2d 70, 71 (8th Cir.) (per curiam), *cert. denied*, 471 U.S. 1022, 105 S.Ct. 2032, 85 L.Ed.2d 314 (1985). Thus, the panel is obliged to follow the *DuBose* panel's holding "that a dismissal for failure to prosecute bars review of earlier entered interlocutory rulings." *DuBose*, 893 F.2d at 171. Because the Heftis' case was correctly dismissed for failure to prosecute, *ante* at 710, the tax court's interlocutory order rejecting the Heftis' statute of limitations argument is not reviewable.