Charles HEFTI; Marion Hefti; Appellants,

v.

COMMISSIONER OF INTERNAL REVENUE OF the UNITED STATES of America, Appellee.

No. 91–3396.

United States Court of Appeals, Eighth Circuit.

Submitted April 15, 1992.

Decided Jan. 8, 1993.

James C. Ochs, St. Louis, MO, argued (Clifford Schwartz, on the brief), for appellants.

Janet A. Bradley, Washington, DC, argued (Gary R. Allen and Ann B. Durney, on the brief), for appellee.

Before McMILLIAN and BOWMAN, Circuit Judges, and EISELE,* Senior District Judge.

McMILLIAN, Circuit Judge.

This appeal follows a remand to the Tax Court[1] pursuant to *Hefti v. Commissioner*, 899 F.2d 709 (8th Cir.1990), for a determination whether Treas.Reg. § 301.7609–5(b) exceeded the statute, 26 U.S.C. § 7609(e). The tax court, in a thorough supplemental opinion, first distinguished prior circuit cases and then upheld the regulation as a reasonable interpretation of the statute. 97 T.C. No. 11 (filed July 31, 1991) (Docket No. 4447–88) (hereinafter supp. op.). For reversal, the taxpayers argue the tax court's decision is inconsistent with and cannot be distinguished from circuit case law. For the reasons discussed below, we affirm the decision of the tax court.

The underlying facts are not disputed. On April 15, 1984, the taxpayers, Charles and Marion Hefti, filed a joint federal income tax return for 1983. We note that the taxpayers are familiar with proceedings in tax court and have been involved in tax litigation on other occasions. On October 10, 1986, the Internal Revenue Service (IRS) served a third-party summons on the taxpayers' bank for books, papers and other records in connection with the taxpayers' return for 1983. On October 29, 1986, the taxpayers filed a motion to quash the summons in the federal district court for the Eastern District of Missouri. On May 1, 1987, the district court dismissed the motion to quash. On May 8, 1987, the bank advised the IRS that it would comply with the summons on or after May 18, 1987. The tax court found that the IRS obtained the records from the bank on or before May 22, 1987. (This court's prior opinion noted that the date of full compliance was May 18, 1987. 899 F.2d at 710.)

On December 7, 1987, the IRS mailed the taxpayers a statutory notice of deficiency for tax years 1983, 1984 and 1985. The taxpayers filed a timely petition in the tax court for redetermination of the deficiency with respect to 1983 only. The taxpayers then filed a motion for summary judgment on the ground that the notice of deficiency had not been mailed as required by statute within 3 years after the filing of their return for 1983. The IRS argued the notice of deficiency had been timely mailed because the statutory period had been tolled by the pending summons proceeding. The IRS argued that the running of the statutory period did not resume until 60 days after the district court order dismissing the motion to quash (that is, until the 60–day period for filing an appeal had expired) and cited in support Treas.Reg. § 301.7609–5(b). The tax court denied the motion for summary judgment without discussing the statute of limitations issue or the regulation. After some delay, mostly due to discovery problems, the tax court granted the IRS's motion to dismiss the case for failure to prosecute. The taxpayers then appealed.

We agreed that the taxpayers had failed to properly prosecute their case, 899 F.2d at 710 (no justifiable excuse for failing to appear when case was called), but we re-

---

* The Honorable G. Thomas Eisele, Senior United States District Judge for the Eastern District of Arkansas, sitting by designation.

1. The Honorable Perry Shields, United States Tax Court Judge.

manded the case to the tax court for further consideration of the taxpayers' statute of limitations argument. *Id.* at 712–14. As noted above, the taxpayers filed the motion to quash the summons on October 29, 1986, thus tolling the running of the three-year statute of limitations for sending a notice of deficiency. 26 U.S.C. § 6501(a). The district court dismissed the motion to quash on May 1, 1987, and the taxpayers had 60 days to file an appeal. The taxpayers argued that, because the bank had complied with the summons on May 18, 1987, which mooted any appeal from the order dismissing the motion to quash, the summons proceeding was no longer pending, and the statutory period resumed running, as of that date, citing *United States v. Orlowski*, 808 F.2d 1283, 1287 (8th Cir.1986) (*Orlowski*), cert. denied, 482 U.S. 927, 107 S.Ct. 3210, 96 L.Ed.2d 697 (1987), and *United States v. Meyer*, 808 F.2d 1304, 1306 (8th Cir.1987) (*Meyer*). The IRS argued that the statutory period did not resume running until June 30, 1987, when the 60–day period for filing an appeal expired, citing Treas.Reg. § 301.-7609–5(b).

How long the statute of limitations was tolled was critical because if the statute of limitations was tolled only until the bank's compliance with the summons (that is, from October 29, 1986, to May 18 or 22, 1987, at most 205 days), as argued by the taxpayers, and not until the expiration of the 60–day period for filing an appeal (from October 29, 1986, to June 30, 1987, or 244 days), as argued by the IRS, the notice of deficiency was untimely mailed on December 7, 1987, some 236 days after the expiration of the three-year period. We noted that the statute and the case law interpreting the statute were ambiguous. 899 F.2d at 713. Although the regulation cited by the IRS, Treas.Reg. § 301.7609–5(b), was directly contrary to the holding in *Orlowski*, 808 F.2d at 1287, and *Meyer*, 808 F.2d at 1306, neither case discussed the regulation. 899 F.2d at 713 & n. 8. Because it did not appear that the tax court had considered whether Treas.Reg. § 301.7609–5(b) exceeded the scope of the statute, 26 U.S.C. § 7609(e), and was thus invalid, when it

disposed of the taxpayers' motion for summary judgment, we remanded the case to the tax court for further consideration. 899 F.2d at 714.

On remand the tax court first characterized as dictum the "holding" in *Orlowski* that compliance with the summons suspends the tolling of the statutory period because in that case compliance did not occur during the appeal period. Supp. op. at 11. The tax court next found that the present case was factually distinguishable from both *Orlowski* and *Meyer* because in each of those cases, unlike the present case, compliance occurred after the expiration of the 60–day period for appeal and thus did not require consideration of the effect of Treas.Reg. § 301.7609–5(b). Supp. op. at 12. The tax court agreed with this court that the statute, 26 U.S.C. § 7609(e), was ambiguous and did not define either the term "proceeding" or the term "pending." Supp. op. at 15. The tax court decided that the regulation was a reasonable interpretation of the statute and thus did not exceed the scope of the statute. *Id.* at 16–29. The tax court specifically noted that the regulation enjoyed particular force because it was a substantially contemporaneous construction of the statute, *id.* at 17, that was consistent with the usual meaning of the term "pending" in federal procedure, *id.*, had remained unchanged since it was first proposed in 1980 even though the statute had been amended several times since then, *id.* at 18–19, and had been consistently interpreted by the IRS. *Id.* at 19. In addition, the tax court noted that the regulation created a "bright line" which avoided confusion, and possible litigation, about whether and when there had been compliance with the summons so that the statute of limitations would begin to run again. *Id.* at 24. This appeal followed.

For reversal, the taxpayers argue the decision of the tax court upholding the regulation is inconsistent with *Orlowski*. On its face the taxpayers' argument is correct because *Orlowski* held that "a proceeding to enforce an IRS summons should be deemed 'pending' until there exists full

compliance with the IRS summons or until the sixty-day appeal period following entry of the judicial enforcement order has lapsed, whichever is shorter." 808 F.2d at 1287. However, because the facts in *Orlowski* did not involve full compliance within the appeal period, the analysis did not require application of the full compliance aspect of the holding. Moreover, *Orlowski* did not discuss the regulation at all, probably because the summons enforcement proceeding in that case occurred in 1981 and the regulation, although first proposed in 1980, was not approved and filed until 1983. The regulation was cited, without discussion, in *Meyer* to support its holding that the statute of limitations is tolled during the sixty-day appeal period. 808 F.2d at 1306. However, as noted in the first appeal, the facts in *Meyer*, like *Orlowski*, did not involve full compliance within the appeal period, and *Meyer* "simply does not reach the question answered in *Orlowski* —whether full compliance cuts off the tolled period." 899 F.2d at 713 n. 8. In any event, given our specific directions to the tax court on remand to determine the validity of the regulation, the issue was not whether the regulation is inconsistent with *Orlowski*, but whether the regulation is inconsistent with the statute.

Title 26 U.S.C. § 7609(e) provides in part that:

> [i]f any person takes any action [to quash the summons] ..., then the running of any period of limitations under section 6501 (relating to the assessment and collection of tax) ... shall be suspended for the period during which a proceeding, and appeals therein, with respect to the enforcement of such summons is pending.

Treas.Reg. § 301.7609–5(b) (as amended in 1986) provides in part that "[t]he period [during which a proceeding is pending] continues until all appeals are disposed of, or until the expiration of the period in which an appeal may be taken or a request for a rehearing may be made. Full compliance, partial compliance, and noncompliance have no effect on the suspension provisions."

We think the tax court's analysis is correct. The statute does not directly address the precise question of whether full compliance within the appeal period suspends the tolling of the statute of limitations. As was noted in the first appeal, because the statute is ambiguous on this precise question, 899 F.2d at 712, the IRS provided the answer in the form of an interpretive regulation. We will uphold the regulation if it is found "to implement the congressional mandate in some reasonable manner." *National Muffler Dealers Ass'n v. United States*, 440 U.S. 472, 476, 99 S.Ct. 1304, 1307, 59 L.Ed.2d 519 (1979), *citing United States v. Correll*, 389 U.S. 299, 307, 88 S.Ct. 445, 450, 19 L.Ed.2d 537 (1967); *see Chevron U.S.A. Inc. v. Natural Resources Defense Council*, 467 U.S. 837, 843–45, 104 S.Ct. 2778, 2782–83, 81 L.Ed.2d 694 (1984) (interpretive regulations upheld if reasonable). "We do this because 'Congress has delegated to the [Secretary of the Treasury and his delegate, the] Commissioner [of Internal Revenue], not to the courts, the task of prescribing 'all needful rules and regulations for the enforcement' of the Internal Revenue Code." *National Muffler Dealers Ass'n v. United States*, 440 U.S. at 477, 99 S.Ct. at 1307, *citing United States v. Correll*, 389 U.S. at 307, 88 S.Ct. at 450 (citing 26 U.S.C. § 7805(a)); *see Pagel, Inc. v. Commissioner*, 905 F.2d 1190, 1192 (8th Cir.1990).

In determining whether a particular regulation carries out the congressional mandate in a proper manner, we look to see whether the regulation harmonizes with the plain language of the statute, its origin, and its purpose. A regulation may have particular force if it is a substantially contemporaneous construction of the statute by those presumed to have been aware of congressional intent.... Other relevant considerations are the length of time the regulation has been in effect, the reliance placed on it, the consistency of the Commissioner's interpretation, and the degree of scrutiny Congress has devoted to the regulation during subsequent re-enactments of the statute.

872

*National Muffler Dealers Ass'n v. United States,* 440 U.S. at 477, 99 S.Ct. at 1307.

We agree with the tax court that the regulation is a reasonable interpretation of the statutory term "pending" and not inconsistent with the statute. The regulation is entitled to considerable deference. Section 7609(e) was enacted as part of the Tax Reform Act of 1976 to provide procedural protection to persons who receive summons and persons whose tax liability is in question. The regulation was initially proposed in 1980 and was approved and filed in 1983 and is thus a substantially contemporaneous construction of the statute by the Commissioner. The IRS has consistently applied the regulation. *See, e.g., Henson v. Commissioner,* 51 T.C.M. (CCH) 1476, 1483 (1986), *aff'd in part and rev'd in part on other grounds,* 835 F.2d 850 (11th Cir. 1988); *Edwards v. Commissioner,* 42 T.C.M. (CCH) 1706, 1708 (1981). Although Congress amended the summons provisions in 1982 to shift the burden of commencing summons litigation from the IRS to the taxpayer, Congress did not amend § 7609(e). In 1986 the regulation was revised slightly to reflect this shift in litigation responsibility by changing the date tolling begins from "the date the action to enforce the summons is commenced" to "the date the petition to quash the summons is filed." In 1986 Congress amended § 7609(e) to add an additional subsection but did not enact any provisions to change the regulation. Congress's failure to act to change the regulation is an indication that Congress did not perceive the regulation to be unreasonable or inconsistent with Congressional intent. *See Pagel, Inc. v. Commissioner,* 905 F.2d at 1192.

The regulation also furthers the administrative policy of promoting certainty and uniformity in the application of the statute of limitations. The definition of "pending" to include the 60–day period for filing an appeal, whether or not an appeal is filed, makes the date the statute of limitations begins to run easy to ascertain. In addition, by making compliance irrelevant to the statute of limitations, the regulation forecloses possible confusion and litigation about whether and when full compliance with the summons has occurred. For example, in the present case, there was some uncertainty about whether full compliance occurred on May 18 or May 22.

We also reject the taxpayers' argument that the regulation is inconsistent with federal procedure. The taxpayers argue that full compliance suspends the tolling of the statute of limitations because compliance with a summons moots a taxpayer's appeal from the summons enforcement order. *Orlowski,* 808 F.2d at 1287 & n. 6 (listing cases). This argument confuses pendency with mootness. Even if the records custodian complies with the summons within the 60–day period for filing an appeal, thereby making an appeal of the enforcement order moot, the taxpayer may nonetheless file a notice of appeal within the 60–day period. Once docketed, the appeal is pending, even though it is ultimately determined to be moot, and the court of appeals has jurisdiction to dismiss the appeal as moot. *Cf. American Equitable Assurance Co. v. Helvering,* 68 F.2d 46, 47 (2d Cir.1933) (rejecting taxpayer's argument that lack of jurisdiction meant no proceeding was pending for purposes of tolling the statute of limitations).

Accordingly, we affirm the decision of the tax court.