MONROE S. CLARK, JR. AND BARBARA A. CLARK, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Clark v. Commissioner
Docket No. 3589-90
United States Tax Court
T.C. Memo 1994-120; 1994 Tax Ct. Memo LEXIS 121; 67 T.C.M. (CCH) 2458; March 23, 1994, Filed *121 Decision will be entered under Rule 155. Monroe S. Clark, Jr., pro se. For respondent: Shelia Dansby Harvey. WRIGHT
WRIGHT
MEMORANDUM FINDINGS OF FACT AND OPINION WRIGHT, Judge: Respondent determined deficiencies in petitioners' 1984, 1985, and 1986 Federal income tax as follows: Additions to Tax
Sec.
Sec.
Sec.
Sec.
Year
Deficiency
6653(a)(1)
6653(a)(2)
6661
6211(b)(4) [1] 1984
$ 6,840.84
$ 342.04
50 percent of
$ 1,710.21
$ 322
the interest
due on $ 6,840.84
Additions to Tax Sec.
Sec.
Sec. Sec. Sec. Year
Deficiency
6651(a)(1)
6653(a)(1)
6653(a)(2) 6661 6211(b)
(4) [1]
1985
$ 7,004.54
$ 1,083.08
$ 363.78
50 percent
$ 1,751.13
$ 550
of the
interest due
on $ 7,004.54
Additions to Tax Sec.
Sec.
Sec.
Sec. Year
Deficiency
6653(a)(1)(A)
6653(a)(1)(B) 6661
6211(b)
(4) [1] 1986
$ 8,769.52
$ 438.48
50 percent of
$ 2,192.38
$ 345
the interest
due on $ 8,769.52
*122 After concessions by both parties the issues remaining for consideration are: (1) Whether the period of limitation on assessment expired with respect to the 1984 taxable year. We hold that it did not. (2) Whether repayments of advances by petitioner Monroe Clark are deductible as returns and allowances on Schedule C of petitioners' 1984, 1985, and 1986 income tax returns. We hold that they are not. (3) Whether certain amounts deposited in petitioners' bank account during 1985 and 1986 are excludable from gross income. We hold that they are. (4) Whether payments to certain individuals qualify as deductible compensation expenses. We hold that they do not. (5) Whether petitioners are entitled to a deduction in the amount of $ 2,329 for miscellaneous payments and expenses on Schedule C of their 1984 income tax return. We hold that they are not. (6) Whether petitioners are entitled to a deduction for car/truck expenses in the amount of $ 6,503 on Schedule C of their 1985 income tax return. We hold that they are not. (7) Whether petitioners are entitled to depreciation on their automobile for the 1986 taxable year in the amount of $ 4,742. We hold that they are not. (8) *123 Whether petitioners are subject to an addition to tax for failure to timely file their 1985 income tax return under section 6651(a)(1). [1] We hold that they are. (9) Whether petitioners are subject to additions to tax for negligence under section 6653(a)(1) and (2) for the 1984 and 1985 taxable years, and under section 6653(a)(1)(A) and (B) for the 1986 taxable year. We hold that they are. (10) Whether petitioners are liable for additions to tax for a substantial understatement of income tax under section 6661 for the 1984, 1985, and 1986 taxable years. We hold that they are. FINDINGS OF FACT Some of the facts have been stipulated and are found accordingly. The stipulation of facts and attached exhibits are incorporated herein. Petitioners resided in Port Arthur, Texas, at the time the petition was filed. Petitioners *124 filed joint Federal income tax returns for the 1984, 1985, and 1986 taxable years. During 1984, 1985, and 1986, petitioner Barbara A. Clark was employed as a sales clerk for Dollar General Stores. Hereinafter, all references to petitioner in the singular are to Monroe S. Clark. Period of Limitation
Petitioners' income tax return for the 1984 taxable year was filed on or before April 15, 1985. On March 3, 1988, prior to the expiration of the period of limitation prescribed under section 6501(a), the parties executed Form 872, Consent to Extend the Time to Assess Tax. The period for assessment was thereby extended until April 15, 1989. On July 15, 1988, respondent served a summons on Steve Fisher, of First Interstate Bank of Port Arthur, seeking petitioners' records for the 1984 taxable year pursuant to section 7602(a)(2). On August 1, 1988, petitioner filed a Petition to Quash Internal Revenue Summons in the United States District Court for the Eastern District of Texas. On April 21, 1989, a final judgment was entered in favor of respondent. Petitioner appealed the final judgment to the United States Court of Appeals for the Fifth Circuit. The appeal was dismissed *125 on June 13, 1989. Respondent mailed a notice of deficiency to petitioners on November 30, 1989, for taxable years 1984, 1985, and 1986. Advances
Petitioner worked for American Fidelity Life Insurance Co. (AMFI) as an independent insurance agent from April 18, 1983, to September 1986. Petitioner sold life insurance policies through his sole proprietorship, M.S. Clark & Associates, and was paid a commission on his sales. Commissions were computed monthly based upon each client's payment of monthly premiums. In order to provide new agents sufficient income during the initial stages of their employment, AMFI paid its agents a 40-percent commission in the first year and a 3-percent commission in subsequent years. AMFI also paid a portion of the commissions in advance. In 1984, petitioner earned approximately $ 2,000 a month in commissions and received close to $ 4,000 a month in advances. In subsequent months, commissions were retained by AMFI and applied against the advances. As an agent's sales volume increased, commissions eventually exceeded advances, and the debt was repaid. Once the advances were repaid, the agents began to receive monthly payments based solely on *126 commissions. Generally, it would take 4 to 5 years to pay off the entire debt. An agent was provided a 3-month grace period in which to earn commissions to apply against the debt. If no sales were made, the agent's contract was terminated and he was obligated to repay the debt in full. In 1986, petitioner's sales volume finally increased to a sufficient level to repay his entire debt. AMFI issued to petitioner Forms 1099-MISC reflecting only the amount of commissions earned by petitioner each year. Other Deductions
During the years at issue, petitioner also conducted an income tax return preparer business through M.S. Clark & Associates. On Schedule C of their 1984, 1985, and 1986 tax returns, petitioners claimed numerous deductions that were disallowed by respondent. After concessions, the following deductions remain at issue. Compensation
On Schedule C of their 1984 income tax return, petitioners claimed a deduction for wages paid to certain individuals who petitioner alleges were his employees and who performed services for M.S. Clark & Associates. Payments to the following individuals remain in controversy: Individual
Amount
Abe Tyrone Thomas
$ 1,093.19
James R. Payne
622.83
Joyce M. Bruno
125.00
Hansom P. Baptiste
450.00
Paula Riley
850.00
Joyce M. Jones
215.00
Hermon Davis, Jr.
720.65
Gethrel A. Williams
445.20
Roosevelt Johnson, Jr.
970.25
Katherine F. Miller
150.00
Total
5,642.12
*127 Only one of the checks submitted as substantiation for Abe Tyrone Thomas' compensation, check No. 474 in the amount of $ 100, was actually payable to his order; the remainder of the checks were payable either to creditors of Mr. Thomas or Sabine Bank. With respect to James Payne, none of the checks submitted into evidence to support his wages were payable to his order. Additionally, with respect to Hermon Davis, Jr., only check No. 170 in the amount of $ 130 represented payment for services actually performed by Mr. Davis; the remaining amounts represent checks that petitioner cashed on behalf of Mr. Davis. Petitioner submitted five checks as substantiation for the amounts paid to Roosevelt Johnson, Jr. Two of the five checks, in the aggregate amount of $ 425.25, represent advances to Mr. Johnson. A third check, check No. 278 in the amount of $ 425, was used as a device by petitioner to collect a $ 100 debt owed to him by Mr. Johnson. Mr. Johnson transferred his AMFI paycheck in the amount of $ 525 to petitioner. In return, petitioner issued a check to Mr. Johnson in the amount of $ 425. The fourth check, check No. 336 in the amount of $ 100, was issued to Mr. Johnson in *128 return for services actually performed. The remaining check in the amount of $ 20 was used to enable Mr. Johnson to enroll in a school for insurance. Miscellaneous Payments and Expenses
On Schedule C of their 1984 income tax return, petitioners claimed a deduction in the amount of $ 2,329 for miscellaneous payments and expenses. Car/Truck Expense
On Schedule C of their 1985 income tax return, petitioners claimed a deduction for car/truck expenses in the amount of $ 6,503. 1986 Depreciation
In June 1986, petitioner became the pastor of Pilgrim Rest Baptist Church (Pilgrim Rest) located in Bon Weir, Texas. He conducted services at Pilgrim Rest every Sunday and Wednesday. The distance from petitioner's home in Port Arthur, Texas, to Pilgrim Rest in Bon Weir is 69 miles. On Schedule C of their 1986 income tax return, petitioners claimed a deduction for depreciation on their automobile, for use with respect to petitioner's business activities at Pilgrim Rest, in the amount of $ 5,792. Petitioners now assert that they are entitled to depreciation in the amount of $ 4,742. Petitioner's computation is based on an exhibit submitted at trial which is comprised of a letter, *129 signed by the six officers and members of Pilgrim Rest, stating that petitioner was the pastor at Pilgrim Rest, and a schedule of business miles traveled. The exhibit was prepared in anticipation of trial; petitioner did not maintain a contemporaneous mileage log. Petitioner alleges that he used his automobile to travel 12,643 business miles in 1986, which he claims represent 70 percent of the total miles traveled during the year. OPINION Issue 1. Period of Limitation[2]
Pursuant to section 6501(a), the Commissioner generally has 3 years from the date a return is filed (whether or not such return was filed on or after the date prescribed) to assess a tax liability for that year. The bar of the statute of limitations is an affirmative defense, and the party raising it must specifically plead it and carry the burden with respect thereto. Adler v. Commissioner, 85 T.C. 535, 540 (1985). *130 Section 7609(e) provides that if a taxpayer whose liability is involved intervenes in a summons enforcement proceeding, "the running of any period of limitations under section 6501 * * * shall be suspended for the period during which a proceeding, and appeals therein, with respect to the enforcement of such summons is pending." Petitioner, however, contends that section 7609(e) does not operate to suspend the period of limitation in the instant case because he believes that the section does not apply to extensions. Thus, according to petitioner, because the summons was issued on July 15, 1988, 3 months after the period of limitation would have expired absent the extension agreement, the period of limitation was not extended by his intervention. Therefore, he argues the period of limitation expired on April 15, 1989. Petitioner further claims that the expiration of the period of limitation, with respect to the 1984 taxable year, invalidated the entire notice of deficiency, and thus, we do not have jurisdiction over the 1985 and 1986 taxable years because all 3 years were included in the same notice of deficiency. Respondent contends that petitioners' interpretation of section *131 7609(e) ignores the plain meaning of the statute. We agree with respondent. Although there has been some controversy surrounding section 7609(e), [3] the statute is clearly unambiguous with respect to its application in the instant case. The statutory language of section 7609(e) refers to "the running of any period of limitation under section 6501". Section 6501(c)(4) specifically refers to extensions by agreement, such as extensions obtained via Form 872. Therefore, we find that pursuant to section 7609(e), the period of limitation for the 1984 tax year did not expire prior to the mailing of the notice of deficiency, and we thus have jurisdiction to decide the instant case. Accordingly, we hold that the notice of deficiency is valid, and thus it is not necessary to address petitioners' jurisdictional argument with respect to the 1985 and 1986 taxable years. *132 Issue 2. Repayment of Advances
During the years at issue, petitioner received monthly advances from AMFI. In accordance with its normal business practice, AMFI retained commissions earned by petitioner and applied the funds toward petitioner's outstanding debt. Petitioner contends that he is entitled to deduct the repayment of the advances under a theory he labels "none-constructive receipt of income [sic]". Petitioner claims that he did not actually or constructively receive the commissions reported by AMFI on the Forms 1099-MISC because the funds were retained by AMFI. As a result, petitioner argues that he should be allowed to deduct the loan repayments on Schedule C of the 1984, 1985, and 1986 income tax returns as returns and allowances. Petitioner does not deny receiving the advances; he merely argues that he did not receive the commissions. Furthermore, petitioner testified at trial that the Forms 1099-MISC included only commissions earned each year; the advances were not included in income upon receipt. Petitioner also agreed that the commissions used to pay off the debt were earned income. Deductions are a matter of legislative grace; a taxpayer seeking a *133 deduction has the burden to point to an applicable statute and show that the taxpayer is within its terms. New Colonial Ice Co. v. Helvering, 292 U.S. 435, 440 (1934); Estate of Manscill v. Commissioner, 98 T.C. 413, 418 (1992). It is well established that the deductions are not permitted on account of the repayment of loans. Brenner v. Commissioner, 62 T.C. 878, 883 (1974); Crawford v. Commissioner, 11 B.T.A. 1299, 1302 (1928). Accordingly, we hold that petitioner is not entitled to deduct as returns and allowances amounts retained by AMFI and applied against the advances. Issue 3. 1985 and 1986 Bank Deposits
Respondent used the bank deposits method to determine petitioners' taxable income for 1985 and 1986. The bank deposits method reconstructs a taxpayer's income through an examination of deposits and withdrawals involving a taxpayer's bank accounts. Dodge v. Commissioner, 96 T.C. 172, 181 (1991), affd. in part, revd. in part and remanded 981 F.2d 350 (8th Cir. 1992). The burden, generally, *134 is on taxpayers to show that the bank deposits were derived from nontaxable sources. Rule 142(a); Reaves v. Commissioner, 31 T.C. 690, 718 (1958), affd. 295 F.2d 336 (5th Cir. 1961). Deposits of loan proceeds and loan repayments are not income and must be subtracted from total bank deposits to arrive at business gross receipts. Mallette Bros. Constr. Co. v. United States, 695 F.2d 145, 149 (5th Cir. 1983); United States v. Boulet, 577 F.2d 1165, 1167 (5th Cir. 1978); Price v. United States, 335 F.2d 671, 677 (5th Cir. 1964); Reaves v. Commissioner, supra at 718-719. Respondent included a deposit of $ 1,125 in gross income for the 1985 taxable year. Petitioner asserts that the deposit represents repayment of funds that he advanced to an employee. In support of his contention, petitioner submitted a copy of the check that M.S. Clark & Associates issued to the employee. The amount of the employee check was only $ 825, $ 300 less than the amount deposited. Petitioner testified that the $ 300 difference *135 was advanced to the employee in the form of cash at an earlier date. We find the evidence offered by petitioner along with his testimony to be credible with respect to this item. Accordingly, we hold that the $ 1,125 deposit is not taxable income to petitioners for taxable year 1985. Respondent included a deposit of $ 775 in gross income for the 1986 taxable year. Petitioner asserts that he deposited an income tax refund check for a friend and then provided his friend with $ 775 in cash. In support of his contention, petitioner presented a copy of a check in the amount of $ 775 payable to Allied Merchants Bank. He claims that his method of writing a check for cash consisted of writing a check payable to the bank and having the bank give him cash in return. We find the evidence offered by petitioner along with his testimony to be credible with respect to this item. Accordingly, we hold that the $ 775 deposit is not taxable income to petitioners for taxable year 1986. Issue 4. Deductibility of 1984 Compensation
Section 162(a) provides that there shall be allowed as a deduction all the ordinary and necessary expenses paid or incurred during the taxable year in carrying *136 on any trade or business, including a reasonable allowance for salaries or other compensation for personal services actually rendered. The test requires that the payment must be reasonable in relation to the services performed and made for services actually rendered. Nor-Cal Adjusters v. Commissioner, 503 F.2d 359, 362 (9th Cir. 1974), affg. T.C. Memo. 1971-200; sec. 1.162-7(a), Income Tax Regs. Whether the requirements for deductibility are met is a question of fact resolved on the basis of the record of each case. Estate of Wallace v. Commissioner, 95 T.C. 525, 553 (1990), affd. 965 F.2d 1038 (11th Cir. 1992). Petitioners bear the burden of proving respondent's determination to be incorrect. Rule 142(a); Welch v. Helvering, 290 U.S. 111, 115 (1933). With respect to the amounts paid to Abe Tyrone Thomas, petitioner testified that although Mr. Thomas was hired to perform services for M.S. Clark & Associates, the majority of the payments to Mr. Thomas were actually loans. Loan proceeds are not considered income to the recipient and *137 therefore are not deductible as wages by the creditor. Consolidated-Hammer Dry Plate & Film Co. v. Commissioner, 317 F.2d 829, 832 (7th Cir. 1963), affg. in part and revg. in part T.C. Memo. 1962-97; see also C. Ray Culver, Inc. v. Commissioner, T.C. Memo. 1983-614. Check No. 474 was the only item for which petitioner provided testimony sufficient to satisfy this Court that the payment was for services actually performed. Consequently, we find that only check No. 474 in the amount of $ 100 is deductible as wage expense. Petitioner offered no testimony regarding the payments or the services purported to be performed by James Payne. Petitioner has not satisfied the burden of proof regarding these payments. Accordingly, he is not entitled to a deduction for the amounts paid to Mr. Payne. With respect to the amounts paid Hermon Davis, Jr., only check No. 170 in the amount of $ 130 represents payment for services actually performed by Mr. Davis. The remaining amounts represent checks that petitioner cashed on behalf of Mr. Davis and were not paid as compensation for services actually rendered. *138 Accordingly, we find that only check No. 170 in the amount of $ 130 is deductible as compensation expense. With respect to Roosevelt Johnson, Jr., $ 425.25 of the payments to him are loans and therefore do not represent deductible compensation expense. Consolidated-Hammer Dry Plate & Film Co. v. Commissioner, supra at 832. Check No. 278 in the amount of $ 425 was merely used as a device by petitioner to collect a debt from Mr. Johnson and does not constitute deductible compensation under section 162(a). Check No. 336 in the amount of $ 100, however, was issued to Mr. Johnson for services actually performed and therefore qualifies as a deductible compensation expense. Nor-Cal Adjusters v. Commissioner, supra at 362. The remaining check in the amount of $ 20 was used to enable Mr. Johnson to enroll in a school for insurance. Generally, employers may claim a deduction for employee education expenses as a form of other compensation. Sec. 162(a)(1). Accordingly, we find that petitioner may deduct $ 120 as compensation expense with regard to Mr. Johnson. With regard to the remainder of the individuals, we find *139 that petitioner has offered sufficient testimony to satisfy us that these amounts were paid as compensation to individuals who actually performed services for M.S. Clarke & Associates. Accordingly, we find that petitioner is entitled to a deduction for these amounts. Issue 5. 1984 Miscellaneous Payments and Expenses
On Schedule C of their 1984 income tax return, petitioners claimed a deduction for miscellaneous payments and expenses in the amount of $ 2,329. Respondent disallowed the deduction. No evidence was submitted at trial to substantiate petitioners' entitlement to a deduction for this amount; petitioners also failed to address this issue on brief. Consequently, petitioners have not satisfied the burden of proof with respect to this item. Rule 142(a); Welch v. Helvering, supra.Accordingly, we hold that no deduction shall be allowed for miscellaneous payments and expenses for the taxable year 1984. Issue 6. 1985 Car/Truck Expenses
On Schedule C of their 1985 income tax return, petitioners claimed a deduction for car/truck expenses in the amount of $ 6,503. Respondent disallowed the deduction. Petitioners assert that *140 respondent conceded this item at a meeting between the parties during the stipulation process. Therefore, according to petitioners, they are entitled to a deduction for car/truck expenses for taxable year 1985. As previously stated, petitioners bear the burden of proving respondent's determination to be incorrect. Rule 142(a); Welch v. Helvering, supra. Petitioners failed to present any evidence in support of the claimed car/truck expenses, and thus have not satisfied the burden of proof with respect to this item. Accordingly, petitioners are not entitled to a deduction for car/truck expenses for taxable year 1985. Issue 7. 1986 Depreciation
Petitioner alleges that he is entitled to a deduction for depreciation on his personal automobile because he used the automobile for business purposes while serving as a pastor at Pilgrim Rest. In support of the claimed depreciation deduction, petitioner offered into evidence a letter, signed by the six officers and members of Pilgrim Rest, stating that petitioner was the pastor at Pilgrim Rest, and a schedule of business miles traveled. Respondent disallowed the claimed deduction due to petitioners' *141 failure to provide adequate substantiation. Respondent contends that petitioner's substantiation for the business use of his vehicle is inadequate under section 274(d) because petitioner did not maintain a contemporaneous record of his alleged business use and his testimony with respect to this issue is self-serving. In general, automobile expenses are deductible if they are incurred in carrying on a trade or business. Sec. 162. We are precluded, however, from estimating deductions for local use of vehicles for tax years beginning after December 31, 1985. Sec. 274(d)(4). Section 274(d)(4) provides that no deduction is allowable with respect to any listed property unless certain substantiation rules are met. Listed property, as defined in section 280F(d)(4)(A)(i), includes any passenger automobile. Petitioner must substantiate the amount of each business use of his automobile based on mileage. Sec. 1.274-5T(b)(6)(i)(B), Temporary Income Tax Regs., 50 Fed. Reg. 46016 (Nov. 6, 1985). Section 1.274-5T(c)(1), Temporary Income Tax Regs., 50 Fed. Reg. 46016 (Nov. 6, 1985), requires petitioner to substantiate each element of *142 a use by adequate records or by sufficient evidence corroborating his own statement. Section 1.274-5T(c)(3)(i), Temporary Income Tax Regs., 50 Fed. Reg. 46020 (Nov. 6, 1985), provides that if a taxpayer fails to substantially comply with the adequate records requirement, he must establish such element: (a) By his own statement, whether written or oral containing specific information in detail as to such element; and (b) by other corroborative evidence sufficient to establish such element. If such element is the description of a use, the corroborative evidence shall be direct evidence, such as a statement in writing from witnesses setting forth detailed information about such element. Id. The letter from the six officers and members of Pilgrim Rest, offered by petitioner as substantiation for the business use of his personal automobile, contains statements from witnesses setting forth information with respect to petitioner's business use of his automobile and thus qualifies as direct evidence sufficient to corroborate petitioner's own statements. Accordingly, we find that petitioners' evidence with respect to this item qualifies as sufficient evidence *143 within the meaning of section 1.274-5T(c)(3)(i), Temporary Income Tax Regs., supra. Although we accept petitioners' evidence as sufficient to establish that petitioner used the automobile for business purposes, we do not agree with the computation of the percentage of business use. The evidence presented reveals that 11,523 of the 12,643 miles traveled were comprised of commuting miles from petitioner's home to Pilgrim Rest. It is well settled that the cost of commuting between one's residence and regular place of employment is a nondeductible personal expense. Commissioner v. Flowers, 326 U.S. 465, 473-474 (1946); Tietjen v. Commissioner, T.C. Memo. 1970-65. The remaining 1,120 miles resulted from petitioner's use of the automobile to transport members of Pilgrim Rest to various functions occurring at other churches. Therefore, these miles qualify as business miles. Accordingly, we find that for taxable year 1986 only 1,120 miles traveled by petitioner constitute business miles within the meaning of section 162. Further, from June 1986 to September 1986 petitioner continued his employment as an agent for AMFI. *144 Generally, when a taxpayer maintains two or more established places of business, all costs of transportation between them is considered an ordinary and necessary business expense. Steinhort v. Commissioner, 335 F.2d 496, 504 (5th Cir. 1964), affg. T.C. Memo. 1962-233. Petitioner, however, has provided no basis upon which to determine the number of miles he traveled between AMFI and Pilgrim Rest during the 3-month period. Issue 8. Section 6651(a) Addition to Tax for Failure To File
Section 6651(a) imposes an addition to tax for failure to file a tax return or to pay any tax owing by the applicable due date, unless it is shown that such failure is due to reasonable cause and not willful neglect. Petitioners bear the burden of proving that their failure to file a timely return was due to reasonable cause and not willful neglect. Rule 142(a); Neubecker v. Commissioner, 65 T.C. 577, 586 (1975). Petitioners' 1985 income tax return was signed on July 11, 1986, almost 3 months after the April 15, 1986, due date. An extension of time to file their return was never requested or obtained. *145 Petitioners have offered no evidence that their failure to file a timely return was due to reasonable cause and not willful neglect. Accordingly, we find that petitioners are subject to the addition to tax under section 6651(a) for taxable year 1985. Issue 9. Section 6653(a) Addition to Tax for Negligence
Respondent also asserted that petitioners' underpayment of income taxes in each year at issue was due to negligence or intentional disregard of rules or regulations and determined an addition to tax for negligence under section 6653(a)(1) and (2) for petitioners' 1984 and 1985 taxable years and under section 6653(a)(1)(A) and (B) for their 1986 taxable year. For 1984 and 1985, section 6653(a)(1) imposes an addition to tax equal to 5 percent of the underpayment if any part of the underpayment is attributable to negligence or intentional disregard of rules or regulations, and section 6653(a)(2) imposes an addition to tax equal to 50 percent of the interest payable on the portion of the underpayment attributable to negligence. For 1986, section 6653(a)(1)(A) imposes an addition to tax equal to 5 percent of the underpayment if any part of the underpayment is attributable *146 to negligence or intentional disregard of rules or regulations, and section 6653(a)(1)(B) imposes an addition to tax equal to 50 percent of the interest payable on the portion of the underpayment attributable to negligence. Negligence is defined as the lack of due care or failure to do what a reasonable and ordinarily prudent person would do under the circumstances. Neely v. Commissioner, 85 T.C. 934, 947 (1985); see Zmuda v. Commissioner, 731 F.2d 1417, 1422 (9th Cir. 1984), affg. 79 T.C. 714 (1982). Negligence is measured by an objective standard. Howard v. Commissioner, 931 F.2d 578, 582 (9th Cir. 1991), affg. T.C. Memo. 1988-531. Respondent's determination of negligence is presumed correct, and petitioners bear the burden of proving otherwise. Hall v. Commissioner, 729 F.2d 632, 635 (9th Cir. 1984), affg. T.C. Memo. 1982-337; Bixby v. Commissioner, 58 T.C. 757, 791 (1972). Petitioners presented no evidence that the underpayment of tax for *147 the years in issue was not due to negligence or intentional disregard of rules or regulations. The record in the instant case is replete with examples of petitioners' negligence. Petitioner conducted an income tax return preparer business and yet claimed deductions for numerous items which in many cases are either nondeductible or lack substantiation. Accordingly, we find that petitioners are subject to the addition to tax for negligence for all the years at issue. Issue 10. Section 6661 Substantial Understatement Addition to Tax
Section 6661(a) provides for an addition to tax on underpayments attributable to a substantial understatement of income tax. An understatement is substantial if it exceeds the greater of 10 percent of the tax required to be shown on the return, or $ 5,000. Sec. 6661(b)(1)(A). Petitioners had a substantial understatement for each of the years at issue. The section 6661 addition to tax is not applicable, however, if there was substantial authority for the taxpayer's treatment of the item in issue or if the relevant facts relating to the tax treatment were adequately disclosed on the return. Petitioners offered no evidence to demonstrate that *148 there is substantial authority for the treatment of the disallowed items on their income tax returns or that the treatment of the items was adequately disclosed. Accordingly, we find that petitioners are subject to the addition to tax under section 6661 for taxable years 1984, 1985, and 1986. To reflect the foregoing, Decision will be entered under Rule 155.
Footnotes
1. Adjustment pertains to respondent's disallowance of petitioners' earned income credit.↩
1. Unless otherwise provided, all statutory references are to the Internal Revenue Code in effect during the years in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.↩
2. All statutory references, for purposes of the jurisdictional issue, are to the Internal Revenue Code as in effect at the time the petition was filed.↩
3. See Hefti v. Commissioner, 983 F.2d 868 (8th Cir. 1993), affg. 97 T.C. 180 (1991), which upheld the validity of sec. 301.7609-5(b), Proced. & Admin. Regs.; United States v. Meyer, 808 F.2d 1304 (8th Cir. 1987) and United States v. Orlowski, 808 F.2d 1283 (8th Cir. 1986), which concluded that for purposes of tolling the period of limitation, an IRS summons is deemed "pending" until there exists full compliance with the summons or until the 60-day appeal period has expired. See also Carey v. Commissioner, T.C. Memo. 1987-452↩, which held that sec. 7609(e) does not apply to the period of limitation prescribed under sec. 6511 pertaining to income tax refunds.