**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

UNITED STATES OF AMERICA,
          *Plaintiff-Appellee*,

          v.

DARYL J. KOLLMAN,
          *Defendant-Appellant*,

          and

MARTA C. CARPENTER, FKA Marta
C. Kollman; THE NEW ALGAE
COMPANY; CELL TECH
INTERNATIONAL, INC.; KAZI
MANAGEMENT VI, LLC,
          *Defendants*.

No. 10-36059

D.C. No.
1:08-cv-03027-
PA

OPINION

Appeal from the United States District Court
for the District of Oregon
Owen M. Panner, Senior District Judge, Presiding

Submitted October 6, 2014[*]
Portland, Oregon

---

[*] The panel unanimously finds this case suitable for decision without oral argument. Fed. R. App. P. 34(a)(2).

Filed December 16, 2014

Before: Alex Kozinski, Ferdinand F. Fernandez,
and Andre M. Davis,<sup>**</sup> Circuit Judges.

Per Curiam Opinion

SUMMARY<sup>***</sup>

**Tax/Statute of Limitations**

Affirming the district court's judgment in an action by the
United States to reduce to judgment income tax assessments
and to foreclose on certain properties, the panel held that the
government's action was not barred by the ten-year statute of
limitations because the running of the statute of limitations
had been tolled.

Applying the *Chevron* analysis, the panel concluded that
the tolling period provided for in 26 U.S.C. § 6330(e)(1)
includes the time during which a taxpayer could file an appeal
to the Tax Court, even if the taxpayer does not actually file
such an appeal.

---

** The Honorable Andre M. Davis, Senior Circuit Judge for the U.S.
Court of Appeals for the Fourth Circuit, sitting by designation.

*** This summary constitutes no part of the opinion of the court. It has
been prepared by court staff for the convenience of the reader.

## COUNSEL

Bruce C. Moore, Moore & Associates, Eugene, Oregon, for Defendant-Appellant.

Kathryn Keneally, Assistant Attorney General, Gilbert Steven Rothenberg, Deputy Assistant Attorney General, Bridget M. Rowan and Ellen Page DelSole, Attorneys, United States Department of Justice, Tax Division/Appellate Section, Washington, D.C., for Plaintiff-Appellee.

## OPINION

PER CURIAM:

Daryl J. Kollman appeals the district court's judgment in an action by the United States to reduce to judgment income tax assessments for the 1996 calendar year and to foreclose on certain properties. The district court determined, among other things, that the government's collection suit was not barred by the ten-year statute of limitations. *See* 26 U.S.C. § 6502(a)(1).[1] The court did so on the basis that the running of the statute of limitations had been tolled. *See* § 6330(e)(1). Kollman asserts that the district court erred. We disagree and affirm.

---

[1] Hereafter, unless otherwise stated, references to section numbers will be to sections of the Internal Revenue Code, Title 26 of the United States Code.

BACKGROUND

On November 24, 1997, the Internal Revenue Service (IRS) made an assessment against Kollman for the 1996 tax year. On March 18, 1999, Kollman submitted a request for a Collection Due Process (CDP) hearing. *See* § 6330(b). On June 18, 1999, the IRS issued a notice of determination regarding Kollman's request for a CDP hearing. He then had a right to appeal the CDP determination to the United States Tax Court within thirty days. *See* § 6330(d)(1). However, he did not do so. On March 12, 2008, the government filed a complaint seeking to reduce the assessment to judgment and to foreclose tax liens against two parcels of property.

The case went to trial, and at the close of evidence, Kollman moved for a partial judgment as to the 1996 taxes assessed on November 24, 1997, arguing that the suit was filed beyond the ten-year limitations period because § 6330(e)(1) clearly provided that the tolling period ended when the IRS issued its CDP hearing determination.

The district court denied the motion on the basis that the language of § 6330(e)(1) was ambiguous and deferred to 26 C.F.R. § 301.6330-1(g)(1), the Treasury Regulation interpreting the statutory language. It then ruled that the government's March 12, 2008, complaint to collect the 1996 taxes assessed on November 24, 1997, was timely because the limitations period was tolled from March 18, 1999 (when Kollman requested the CDP hearing) until thirty days following the June 18, 1999, CDP determination.[2] Judgment

---

[2] Without tolling, the ten-year limitations period set forth in § 6502(a)(1) would have expired on November 24, 2007. The government filed its collection suit on March 12, 2008, 110 days beyond the untolled

was entered against Kollman, and this timely appeal followed.

## JURISDICTION AND STANDARD OF REVIEW

The district court had jurisdiction pursuant to § 7402 and 28 U.S.C. §§ 1340 and 1345. We have jurisdiction pursuant to 28 U.S.C. § 1291.

We review the district court's interpretation of the statute de novo. *See Texaco Inc. v. United States*, 528 F.3d 703, 707 n.5 (9th Cir. 2008); *Ann Jackson Family Found. v. Comm'r*, 15 F.3d 917, 920 (9th Cir. 1994).

## DISCUSSION

The central question before us is whether the tolling period provided for in § 6330(e)(1) includes the time during which a taxpayer could file an appeal to the Tax Court, even if he does not actually file such an appeal. We answer that question in the affirmative.

In doing so, we apply the familiar *Chevron*[3] approach. In that case, the Supreme Court outlined our task as follows:

---

expiration of the limitations period. It is undisputed that § 6330(e)(1) suspended the limitations period from March 18, 1999, through June 18, 1999 — a total of ninety-three days. The district court adopted the regulatory interpretation in 26 C.F.R. § 301.6330-1(g)(1) and tolled the limitations period for the additional thirty-day period for appealing — a total of 123 days. Therefore, if the thirty-day period is included in the tolling calculation, the government's collection action was timely.

[3] *Chevron, U.S.A., Inc. v. Natural Res. Def. Council, Inc.*, 467 U.S. 837, 104 S. Ct. 2778 (1984).

When a court reviews an agency's construction of the statute which it administers, it is confronted with two questions. First, always, is the question whether Congress has directly spoken to the precise question at issue. If the intent of Congress is clear, that is the end of the matter; for the court, as well as the agency, must give effect to the unambiguously expressed intent of Congress. If, however, the court determines Congress has not directly addressed the precise question at issue, the court does not simply impose its own construction on the statute, as would be necessary in the absence of an administrative interpretation. Rather, if the statute is silent or ambiguous with respect to the specific issue, the question for the court is whether the agency's answer is based on a permissible construction of the statute.

The power of an administrative agency to administer a congressionally created . . . program necessarily requires the formulation of policy and the making of rules to fill any gap left, implicitly or explicitly, by Congress.

*Id.* at 842–43, 104 S. Ct. at 2781–82 (internal quotation marks and footnotes omitted). We will proceed with this outline in hand.

Once the assessment of a tax has been made, the government may collect that tax "by levy or by a proceeding in court" but, as relevant here, must do so "within 10 years

after the assessment of the tax." § 6502(a)(1). However, the law also provides for a CDP hearing,[4] and the determination by the appeals officer[5] can be appealed within thirty days after that determination.[6]  If the CDP hearing process is initiated, the ten-year statute of limitations is tolled.  *See* § 6330(e)(1).  The § 6330(e)(1) tolling provision reads as follows, in pertinent part:

> [I]f a hearing is requested under subsection (a)(3)(B), the levy actions which are the subject of the requested hearing and the running of any period of limitations under section 6502 (relating to collection after assessment) . . . shall be suspended for the period during which such hearing, and appeals therein, are pending.  In no event shall any such period expire before the 90th day after the day on which there is a final determination in such hearing.

In due course, the United States Department of the Treasury issued 26 C.F.R. § 301.6330-1(g)(1), which provides as follows, in pertinent part:

> The period[] of limitation under section 6502 (relating to collection after assessment) . . . [is] suspended until the date . . . the determination resulting from the CDP hearing

---

[4] § 6330(b).

[5] § 6330(c)(3).

[6] § 6330(d)(1).

becomes final by expiration of the time for seeking judicial review or the exhaustion of any rights to appeals following judicial review.  In no event shall [this] period[] of limitation expire before the 90th day after the date on which . . . the Notice of Determination with respect to such hearing becomes final upon either the expiration of the time for seeking judicial review or upon exhaustion of any rights to appeals following judicial review.

A.  *Ambiguity*

Kollman argues that it is perfectly clear that Congress's intent was that the clause "shall be suspended for the period during which such hearing, and appeals therein, are pending" means that the thirty-day period to appeal to the tax court is excluded from the suspension time when the taxpayer does not in fact appeal.  But, contrary to Kollman's assertion, it is far from clear what Congress meant by that language.

We, of course, agree "that the first step in interpreting a statute 'is to determine whether the language at issue has a plain and unambiguous meaning with regard to the particular dispute in the case.'"  *Texaco*, 528 F.3d at 707 (quoting *Robinson v. Shell Oil Co.*, 519 U.S. 337, 340, 117 S. Ct 843, 846 (1997)).  But the language in question does not, on its face, speak to whether the statute of limitations is suspended during the time to appeal in the event that an appeal is not taken.  It does not address what Congress meant when it used the word "pending."  Nor does it address whether the phrase "final determination" in the next sentence of § 6330(e)(1) means that the determination by the IRS hearing officer is

final before the time to appeal runs. If anything, it is "silent or [at most] ambiguous" on that subject. *Chevron*, 467 U.S. at 843, 104 S. Ct. at 2782.

In fact, the Eighth Circuit Court of Appeals had occasion to review similar language in § 7609(e), which provides that the running of the period of limitations "shall be suspended for the period during which a proceeding, and appeals therein, . . . is pending." It found that the language "does not specifically address whether the period allowed for appeal is to be included in the tolling period in the event an appeal is not actually taken." *United States v. Meyer*, 808 F.2d 1304, 1306 (8th Cir. 1987). Incidentally, it also declared that in light of a Treasury Regulation so stating, the appeals period was properly included. *Id.*; *see also Hefti v. Comm'r*, 983 F.2d 868, 871–72 (8th Cir. 1993); *United States v. Orlowski*, 808 F.2d 1283, 1287 (8th Cir. 1986).

Kollman's counterargument is that by setting off "and appeals therein" in commas, Congress intended the term "pending" to apply separately to the CDP hearing and the appeal of a notice of determination. Thus, according to Kollman, where no appeal is filed, the applicable tolling period consists of the time that a CDP hearing is under consideration, which concludes when the IRS issues a notice of determination. But that same phrase, "during which [the CDP] hearing, and appeals therein," could just as plausibly be read as encompassing the thirty days in which to appeal the notice of determination, where no appeal is filed.

Kollman points to the fact that the term, "final determination," is used in the second sentence of § 6330(e)(1) but not in the first sentence defining the tolling period, as proof of Congress's intent *not* to extend the tolling period

beyond the time when the IRS issues a notice of determination, where no appeal is filed. But, contrary to Kollman's contention, the absence of "final determination" from the first sentence does not *unambiguously* show that the tolling period excludes the thirty-day period during which an appeal may be filed. The language in the first sentence stating that the tolling period consists of the time "during which the [CDP] hearing, and appeals herein, are pending," does not preclude the interpretation that the tolling period expires when the notice of determination becomes a "final determination." *See Padash v. INS*, 358 F.3d 1161, 1169 (9th Cir. 2004) (unless Congress specifies otherwise, the customary meaning of "final determination" is "a final decision from which no appeal can be taken").[7] It is entirely reasonable to understand a proceeding as "pending"[8] until the time to appeal has expired. *See, e.g.*, *Burnett v. N.Y. Cent. R.R. Co.*, 380 U.S. 424, 435, 85 S. Ct. 1050, 1058 (1965).

Kollman's additional reflection that statutes of limitations are designed to assure fairness to defendants[9] also fails to advance his case. Kollman's interpretation of the statute leaves open whether the tolling period includes the time after a notice of determination is issued and before the taxpayer decides whether to appeal. Put another way, the government

---

[7] *Cf. Ariz. Electric Power Coop., Inc. v. United States*, 816 F.2d 1366, 1375 (9th Cir. 1987).

[8] The word "pending" is not without intrinsic ambiguity. *See Int'l Union of Elec., Radio & Mach. Workers, AFL-CIO, Local 790 v. Robbins & Myers, Inc.*, 429 U.S. 229, 243, 97 S. Ct. 441, 450 (1976); *Inda v. United Air Lines, Inc.*, 565 F.2d 554, 560–61 (9th Cir. 1977).

[9] *See Burnett v. N.Y. Cent. R.R. Co.*, 380 U.S. 424, 428, 85 S. Ct. 1050, 1054 (1965).

would have to determine whether to proceed with a levy action as soon as the IRS issues the notice of determination, or suffer the running of the limitations period while it awaits the taxpayer's decision. Indeed, Kollman's reading could even turn out to be quite unfair to the taxpayer if the government initiated levy proceedings prior to the expiration of the thirty-day period to appeal.

In short, despite Kollman's efforts to persuade us otherwise, we are satisfied that the provision in question is ambiguous. With that, we are led to the second part of the *Chevron* analysis.

### B.  *Reasonable Construction*

Having determined that § 6330(e)(1) is ambiguous, we must now consider whether the Treasury Regulation, 26 C.F.R. § 301.6330-1(g)(1), sets forth a permissible construction of the statute. It does.

There is no dispute that Congress has delegated the power to "prescribe all needful rules and regulations" pertaining to internal revenue to the Secretary of the Treasury. *See* §§ 7701(a)(11)(B), 7805(a); *see also Mayo Found. for Med. Educ. & Research v. United States*, 562 U.S. 44, __, 131 S. Ct. 704, 714 (2011). Where such delegation exists, we "may not substitute [our] own construction of a statutory provision for a reasonable interpretation made by the administrator of an agency." *See Chevron*, 467 U.S. at 844, 104 S. Ct. at 2782. Moreover, we "need not conclude that the agency construction was the only one it permissibly could have adopted to uphold the construction." *Chevron*, 467 U.S. at 843 n.11, 104 S. Ct. at 2782 n.11.

The Treasury Regulation easily meets the permissible construction test.  First, as discussed earlier, before this regulation was adopted, a court of appeals had determined that a similar statute, § 7609, was ambiguous and relied on another Treasury regulation, 26 C.F.R. § 301.7609-5(b), which stated that the limitations period is tolled until the expiration of the time to file an appeal.  *See Meyer*, 808 F.2d at 1306; *see also Hefti*, 983 F.2d at 871–72; *Orlowski*, 808 F.2d at 1287.  We are not aware of any determination to the contrary.  It is reasonable to assume that Congress was aware of and content with that result when it incorporated nearly identical language into § 6330(e)(1).  *See Northcross v. Bd. of Educ.*, 412 U.S. 427, 428, 93 S. Ct. 2201, 2202 (1973) (per curiam); *see also Schnall v. Amboy Nat'l Bank*, 279 F.3d 205, 218–19 (3d Cir. 2002).

Second, in other contexts, courts have considered actions to be "pending" until the expiration of the time to file an appeal.  *See Burnett*, 380 U.S. at 435, 85 S. Ct. at 1058 (Federal Employer's Liability Act); *Knights of the Ku Klux Klan Realm of La. v. E. Baton Rouge Parish Sch. Bd.*, 679 F.2d 64, 67–68 (5th Cir. Unit A 1982) (Equal Access to Justice Act); *Perzinski v. Chevron Chem. Co.*, 503 F.2d 654, 657–58 (7th Cir. 1974) (Wisconsin evidence rules).

Third, legislative history supports the Treasury's reading of § 6330(e)(1).  The House Conference Report regarding the statute states that:

> The taxpayer may contest the determination of the appellate officer in Tax Court by filing a petition within 30 days of the date of the determination.  The IRS may not take any collection action pursuant to the determination

> during such 30-day period or while the
> taxpayer's contest is pending in Tax Court.

H.R. Rep. No. 105-599, at 264 (1998) (Conf. Rep.).  True, this report only addresses the period during which collection by levy — and not the ten-year statute of limitations — is suspended.  But, § 6330(e)(1) addresses both in the same sentence, which provides that "levy actions . . . and the running of any period of limitations under section 6502 . . . shall be suspended."  § 6330(e)(1).  It is unlikely that Congress intended the sentence to have two different meanings — one for levy, and another for the limitations period.

In fine, the regulation's method of illuminating the somewhat tenebrous language of § 6330(e)(1) was a permissible construction of that language.

## CONCLUSION

The Treasury Department's issuance of 26 C.F.R. § 301.6330-1(g)(1) was a permissible construction of § 6330(e)(1).  Thus, the government's collection action against Kollman was not barred by the statute of limitations.

**AFFIRMED.**