**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS FOR THE NINTH CIRCUIT

| | |
|---|---|
| RYAN BUSSEY, | No. 23-35588 |
| *Plaintiff-Appellant*, | D.C. No. 2:21-cv-00346-DKG |
| v. | |
| DANIEL P. DRISCOLL, in his official capacity as Secretary of the Army, | OPINION |
| *Defendant-Appellee*. | |

Appeal from the United States District Court
for the District of Idaho
Debora K. Grasham, Magistrate Judge, Presiding

Argued and Submitted August 23, 2024
Portland, Oregon

Filed March 12, 2025

Before: Evan J. Wallach,[*] Morgan Christen, and Andrew D. Hurwitz, Circuit Judges.

Opinion by Judge Wallach

---

[*] The Honorable Evan J. Wallach, United States Circuit Judge for the Federal Circuit, sitting by designation.

# SUMMARY[**]

## Correction of Military Records

On Ryan Bussey's appeal from the district court's summary judgment against him in his action under the Administrative Procedure Act seeking review of the Army Board for Correction of Military Records' denial of his petition to upgrade his military discharge status from Bad Conduct Discharge to Honorable Discharge, the panel vacated the district court's summary judgment for the Secretary of the United States Army and remanded for the Board to reconsider the petition.

Bussey received a Bad Conduct Discharge for being found guilty of wrongful sexual conduct. He sought to upgrade his discharge on the ground that combat-induced Post-Traumatic Stress Disorder ("PTSD") contributed to his conduct. In denying the petition, the Board agreed that Bussey had PTSD, but concluded that it was not a mitigating factor for the crime of conviction.

When a request for a correction is based on combat-induced PTSD, Congress has instructed the Board to review discharge upgrade requests with liberal consideration to the claimant that PTSD potentially contributed to the circumstances resulting in the discharge.

The panel held that the Board erred in not considering all the circumstances resulting in Bussey's discharge, instead focusing narrowly on whether PTSD caused the legal

---

[**] This summary constitutes no part of the opinion of the court. It has been prepared by court staff for the convenience of the reader.

elements of the crime of conviction. Relatedly, it failed to give liberal consideration to Bussey's PTSD-based claim. The Board should have analyzed under a lenient evidentiary standard whether PTSD potentially contributed to the facts, events, and conditions that led to Bussey engaging in the non-consensual sexual activity.

The panel vacated the district court's judgment and remanded this case to the Board to reconsider Bussey's upgrade request under the appropriate standard. The panel instructed that on remand, after resolving all such doubts and inferences in favor of Bussey, if the Board finds that PTSD contributed to the circumstances resulting in Bussey's discharge, even if PTSD did not cause him to commit the crime, the liberal consideration standard allows the Board to grant the requested relief.

## COUNSEL

Sean P. Griffin (argued) and Travis J. West, West & Dunn LLC, Waunakee, Wisconsin; Matthew Z. Crotty, Riverside NW Law Group PLLC, Spokane, Washington; for Plaintiff-Appellant.

James P. Schaefer (argued), Assistant United States Attorney; Joshua D. Hurwit, United States Attorney; Office of the United States Attorney, United States Department of Justice, Boise, Idaho; for Defendant-Appellee.

# OPINION

WALLACH, Circuit Judge:

This case presents two competing imperatives for the United States Army. Both Congress and the Army have made extensive efforts to address the "scourge" of sexual misconduct in the military. *See, e.g.*, *Klay v. Panetta*, 758 F.3d 369, 376 (D.C. Cir. 2014) (acknowledging Congress's efforts). On the other hand, seeking to address the previously unacknowledged impact of Post-Traumatic Stress Disorder ("PTSD") on veterans, Congress has instructed the Army Board for Correction of Military Records ("Board") to review discharge upgrade requests with "liberal consideration" to whether PTSD "potentially contributed to the circumstances resulting in" discharges. 10 U.S.C. § 1552(h)(2)(B). The statute covers cases in which sexual misconduct precipitated the discharge.

## I.  BACKGROUND

### A.  Bussey's Military Service and Discharge

Ryan Bussey volunteered to join the Army in 2008. His commanders viewed him as an "extraordinary" soldier, who would "run through a brick wall for" his platoon. In 2009, he was deployed to Afghanistan, where he was extensively involved in combat and witnessed severe human suffering.

In a now familiar story, after returning from his deployment, Bussey suffered from then-undiagnosed PTSD. His drinking increased, and although Bussey had no prior history of wrongdoing, he was cited by military police for larceny, assault while under the influence of alcohol, and possession of drug paraphernalia.

In January 2010, after months of deteriorating, Bussey was accused by a married civilian woman of sexual assault. Following a night of dancing, Bussey and the civilian woman had returned to Bussey's barracks. After she declined Bussey's request to "cuddle," she said he picked her up, took her to the bed, and began removing her clothing. She said she repeatedly told Bussey to stop and that she did not want to have sex with him, but he forcibly held her down and penetrated her.

Bussey was charged under the Uniform Code of Military Justice ("UCMJ") with rape, adultery, aggravated sexual assault, and wrongful sexual contact. A court-martial jury returned a guilty verdict for wrongful sexual contact and adultery, and a not guilty verdict for rape and aggravated sexual assault.[1] Bussey was sentenced to six months of confinement, required to register as a sex offender, and received a Dishonorable Discharge. On the recommendation of the presiding judge, the general court-martial convening authority modified Bussey's discharge to a Bad Conduct Discharge ("BCD"). The Army Court of Criminal Appeals set aside the adultery conviction, but did not disturb Bussey's sentence.

Following his confinement and discharge, Bussey endured debilitating symptoms of PTSD, including anxiety, depression, suicidal and homicidal ideation, and severe agitation and reactivity. He was paralyzed and rendered permanently wheelchair-bound by a high-speed motorcycle

---

[1] At the time of the conviction, the UCMJ defined wrongful sexual contact as "engag[ing] in sexual contact with another person without that other person's permission." 10 U.S.C. § 920(m) (Effective October 1, 2007).

accident. At times homeless, he lived out of his truck and bathed in a river.

## B. Bussey's Discharge Upgrade Request

In 2016, Bussey petitioned the Board to upgrade his discharge to "Honorable," so that he could obtain Veterans Affairs education and medical benefits for which a BCD renders him ineligible. The Army opposed the upgrade.

Bussey and the Army provided the Board with competing expert reports on whether PTSD contributed to the conduct that led to his discharge. Bussey framed the "circumstances" that led to his discharge as a high-risk sexual encounter. His expert, psychologist Dr. Ramona Burdine, who had treated Bussey since he was a child and who had been treating PTSD patients for nine years, cited two studies linking PTSD to high-risk sexual behavior ("HRSB"). These behaviors, she explained, are natural byproducts of PTSD's undisputed symptoms, such as negative cognitions and arousal. The Army narrowly framed the "circumstances" of Bussey's discharge as the legal elements of his crime of conviction and offered expert reports from two in-house psychologists opining that "[w]rongful sexual contact (i.e. unwanted sexual contact)," the crime for which Bussey was convicted, "is not part of the natural history or sequelae of PTSD."

The Board denied Bussey's petition. It agreed that Bussey had PTSD but concluded that it was not "a mitigating factor" for the crime of conviction. The Board conceded that "PTSD might be considered a mitigating factor for engaging in HRSBs," but, accepting the Army's argument, said Bussey was not discharged because he engaged in a HRSB. Rather, he was discharged because "he was convicted for unlawfully touching a woman in a sexual manner without

her consent," and the Board rejected his petition because Bussey did not present any evidence "that PTSD influences a person to engage in" a "non-consensual sexual activity."

After exhausting administrative remedies, Bussey sought review of the Board's decision in the district court under the Administrative Procedure Act ("APA"), which allows a court to "hold unlawful and set aside agency action" that is "not in accordance with law." 5 U.S.C. § 706(2)(A). The district court granted the Army summary judgment. Bussey timely appealed.

## II. STANDARD OF REVIEW

We have jurisdiction under 28 U.S.C. § 1291 and review the summary judgment de novo. *Aageson Grain & Cattle v. U.S. Dep't of Agric.*, 500 F.3d 1038, 1041 (9th Cir. 2007). The Board's decisions "are subject to judicial review." *Chappell v. Wallace*, 462 U.S. 296, 303 (1983). "If the [Board] construed the law correctly," we review its decision "under the APA's deferential standards." *Grand Canyon Univ. v. Cardona*, 121 F.4th 717, 723 (9th Cir. 2024); *see also Kreis v. Sec'y of the Air Force*, 866 F.2d 1508, 1514 (D.C. Cir. 1989) (requiring "unusually deferential application of the arbitrary or capricious standard" to decisions regarding the correction of military records (cleaned up)). However, we do not defer to the Board's interpretation of the governing statutes, *see generally Loper Bright Enters. v. Raimondo*, 603 U.S. 369 (2024), and if it "failed to apply the correct legal standards, its decisions must be set aside," *Grand Canyon Univ.*, 121 F.4th at 727.

## III.    DISCUSSION

On behalf of the Secretary of the Army, the Board "may correct any military record," including a discharge, "to

correct an error or remove an injustice." 10 U.S.C. § 1552(a)(1); *see also* 32 C.F.R. § 581.3. When a request for a correction is based on combat-induced PTSD, the Board must "review the claim with liberal consideration to the claimant that [PTSD] . . . potentially contributed to the circumstances resulting in the discharge." 10 U.S.C. § 1552(h)(2)(B); *see id.* at § 1552(h)(1). Here, the Board committed two legal errors. First, it did not consider all "the circumstances resulting in" Bussey's discharge, instead focusing narrowly on whether PTSD caused the legal elements of the crime of conviction. Relatedly, it failed to give "liberal consideration" to Bussey's PTSD-based claim. We address both errors in turn.

## A. The Board erred by not considering all the "circumstances" resulting in the discharge.

Bussey received a BCD as part of his sentence for wrongful sexual contact. That conviction of course caused his discharge. But the statute requires the Board focus not only on the but-for cause of the discharge; it must also ask whether PTSD contributed to the *circumstances* that led to the discharge. In rejecting Bussey's application, the Board ignored its legal duty to address those circumstances.

The "circumstances resulting in" a discharge are not simply the but-for cause of the crime that led to discharge. A "circumstance" is an "accompanying or accessory fact, event, or condition." *United States v. Stewart*, 420 F.3d 1007, 1020 (9th Cir. 2005) (quoting *Circumstances*, Black's Law Dictionary (8th ed. 2004)). When a veteran's conviction results in a discharge, the "circumstances" the Board must consider include not just elements of the conviction itself, but the facts, events, and conditions that led to the conviction. *Id.* For this reason,

multiple Department of Defense memoranda instruct the Board to review petitions citing combat-related PTSD holistically.[2]

That approach requires more than a technical focus on the elements of the offense that led to the discharge. Assume, for example, that Bussey had received a BCD following conviction by court martial for operating a vehicle "while drunk," 10 U.S.C. § 913(a)(2), and petitioned the Board for a discharge status upgrade, arguing PTSD contributed to the discharge. The authoritative DSM-5 did not list driving under the influence of alcohol as a sequela of PTSD at the time of Bussey's petition. But a Board would have erred if it denied the petition on that narrow basis, because the "circumstances" of his discharge are broader than his crime of conviction and must be considered. *See Stewart*, 420 F.3d at 1020. The circumstances include the reasons he drank excessively on that day; the reckless decision to drive after drinking; and, presumably, other facts, events, and conditions that led to the conviction. Under § 1552(h)(2)(B), the Board is legally required to consider whether PTSD "potentially contributed to" these "circumstances."

Here, the Board denied Bussey's upgrade request because Bussey did not show "that PTSD influences a person to engage in" a "non-consensual sexual activity."

---

[2] *See, e.g.*, Off. of the Sec'y of Def., *Supplemental Guidance to Military Boards of Military/Naval Records Considering Discharge Upgrade Requests by Veterans Claiming Post Traumatic Stress Disorder* (Sept. 3, 2014) ("Hagel Memorandum"); Off. of the Under Sec'y of Def., *Clarifying Guidance to Military Discharge Review Boards* (Aug. 25, 2017) ("Kurta Memorandum"); Off. of the Under Sec'y of Def., *Guidance to Military Discharge Review Boards* (July 25, 2018) ("Wilkie Memorandum").

Even assuming the accuracy of that statement, the Board too narrowly framed its inquiry. While non-consensual sexual activity was the legal cause of Bussey's discharge, it is plainly not the sole circumstance resulting in the discharge. *See* 10 U.S.C. § 1552(h)(2)(B). The Board should have analyzed whether PTSD "potentially contributed" to the facts, events, and conditions that led to Bussey engaging in this non-consensual sexual activity. *Id.* The Board's factual decision on that question would be entitled to considerable deference. But because the Board did not address that question, it "failed to apply the correct legal standards" and "its decisions must be set aside." *Grand Canyon Univ.*, 121 F.4th at 727.

## B. The Board's review lacked "liberal consideration" of the effect of PTSD on the conduct that led to the discharge.

Congress has expressly instructed the Board, when reviewing discharge upgrade requests based on combat-induced PTSD, to give "*liberal consideration*" to whether PTSD "*potentially contributed to the circumstances resulting in the discharge.*" 10 U.S.C. § 1552(h)(2)(B) (emphasis added). The Board failed to do that here.

Although the statute does not expressly define "liberal consideration," the meaning of these two words is well understood. *See Stewart*, 420 F.3d at 1020 ("We turn first to the plain meaning of the statute . . . ."). "Consideration" is defined as "continuous and careful thought." *Consideration*, Webster's Third New International Dictionary 484 (2002). As a condition, state, or opinion, "liberal" is defined as "not restricted; expansive; tolerant," *Liberal*, Black's Law Dictionary (10th ed. 2014), and as an interpretation or construction, "liberal" is defined as "not strict or literal;

loose," *id.*; *see also Doyon v. United States*, 58 F.4th 1235, 1238–39 (Fed. Cir. 2023) (stating § 1552 imposes "the more lenient liberal consideration evidentiary standard").[3] In the same tone, we have described a "liberal" pleading standard as "lenient." *Austin v. Univ. of Or.*, 925 F.3d 1133, 1137 n.4 (9th Cir. 2019).

Thus, "liberal consideration" is a lenient evidentiary standard, that is not strict or literal, for reviewing the veteran's claim that PTSD "potentially contributed to the circumstances resulting in the discharge." 10 U.S.C. § 1552(h)(2)(B). The Board simply did not follow this standard.[4] The Board here did not consider, let alone under a lenient evidentiary standard, how Bussey's PTSD "potentially contributed to the circumstances" that led to his

---

[3] *See also Interpretation*, Black's Law Dictionary (10th ed. 2014) (defining "liberal interpretation" as having "the object of effectuating the spirit and broad purpose of the text or producing the result that the interpreter thinks desirable," and defining "liberal construction" as "resolv[ing] all reasonable doubts in favor of the applicability of the statute to the particular case." (citations omitted)).

[4] In briefing and at argument, the Army maintained its position that because the Board applied the guidance from applicable Defense Department memoranda on "liberal consideration" under 10 U.S.C. § 1552, *see supra* note 2, Bussey's BCD was not an "injustice" under the statute. "[W]e resolve this case based on statutory text alone." *Rudisill v. McDonough*, 601 U.S. 294, 314 (2024); *Stewart*, 420 F.3d at 1020. We need not and do not *defer* to the Board's interpretation of the statute. *See Loper Bright*, 603 U.S. at 413. Here, the Board failed to review Bussey's claim with the "liberal consideration" evidentiary standard under *any* construction or interpretation of § 1552(h)(2)(B). The Board failed to discuss the statute in a meaningful way and failed to mention subsection (h)(2)(B) at all. *See Guerrero v. Stone*, 970 F.2d 626, 638–39 (9th Cir. 1992) (concluding the Board violated the APA by refusing to follow its statutory mandate); 5 U.S.C. § 706(2)(A) (providing that an agency decision may be set aside if it is "not in accordance with law.").

BCD. Rather it simply adopted the Army psychologists' opinions that PTSD does not cause the legal elements of the crime of conviction. That narrow approach is the antithesis of "liberal consideration." *See* 10 U.S.C. § 1552(h)(2)(B).

"Liberal consideration" requires the Board to resolve doubts on the § 1552(h)(2) inquiry in favor of the veteran. On remand, after resolving all such doubts and inferences in favor of Bussey, if the Board finds that PTSD "contributed to the circumstances resulting in [Bussey's] discharge," even if PTSD did not cause him to commit the crime, the "liberal consideration" standard allows the Board to grant the requested relief.[5]

## IV.    CONCLUSION

The Board failed to consider the full aperture of "circumstances resulting in" Bussey's "discharge," and failed to give "liberal consideration" to Bussey's claim that his PTSD "contributed to" those circumstances. 10 U.S.C. § 1552(h)(2)(B). We vacate the district court's judgment and remand this case to the Board to reconsider Bussey's upgrade request under the appropriate standard.

**VACATED AND REMANDED.**

---

[5] To the extent the Board offered other rationales for denying Bussey's upgrade request, we find those rationales are not "completely independent" from its erroneous § 1552(h)(2)(B) analysis and therefore decline to address them. *Grand Canyon Univ.*, 121 F.4th at 727.