**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

MAR 18 2026

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　Plaintiff - Appellee,<br><br>　v.<br><br>MEIR JOSEPH WESTREICH, Attorney,<br><br>　　　　　Defendant - Appellant. | No. 24-7184<br><br>D.C. No.<br>2:21-cv-09013-SSS-SK<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Central District of California
Sunshine Suzanne Sykes, District Judge, Presiding

Submitted March 16, 2026[**]

Before:　　SILVERMAN, NGUYEN, and HURWITZ, Circuit Judges.

　　　Meir Jospeh Westreich appeals pro se from the district court's summary judgment in the government's action to reduce to judgment Westreich's income tax assessments.  We have jurisdiction under 28 U.S.C. § 1291.  We review de novo. *Bussey v. Driscoll*, 131 F.4th 756, 761 (9th Cir. 2025).  We affirm.

---

　　　[*]　　This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

　　　[**]　　The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

The district court properly granted summary judgment because Westreich failed to raise a genuine dispute of material fact as to whether he was not liable for the assessment. *See Oliver v. United States*, 921 F.2d 916, 919-20 (9th Cir. 1990) (explaining that after the government introduces "into evidence its assessment of taxes due . . . the taxpayer then has the burden" of proving that he was not liable for the assessment). Westreich's contention that the lack of a collection due process ("CDP") hearing precludes summary judgment or deprives the district court of jurisdiction fails because a CDP hearing is a requirement for a levy—not for an action to reduce to judgment income tax assessments. *See generally Comm'r v. Zuch*, 605 U.S. 422, 425-26 (2025) (explaining that a taxpayer has a right to a CDP hearing before a levy); *United States v. Kollman*, 774 F.3d 592, 594 (9th Cir. 2014) (holding that a district court has jurisdiction over an action to reduce to judgment income tax assessments "pursuant to § 7402 and 28 U.S.C. §§ 1340 and 1345").

The district court did not abuse its discretion by striking Westreich's second opposition to summary judgment because federal and local rules do not provide for second oppositions as a matter of right and Westreich did not move for leave to file one. *See Ready Transp., Inc. v. AAR Mfg., Inc*, 627 F.3d 402, 404 (9th Cir. 2010) (setting forth standard of review and explaining that the district court has inherent power to control its docket, including striking items from the docket); *Ghazali v.*

*Moran*, 46 F.3d 52, 54 (9th Cir. 1995) ("[P]ro se litigants are bound by the rules of procedure."); *see generally* Fed. R. Civ. P. 56; C.D. Cal. R. 7–9.

The district court did not abuse its discretion by denying Westreich's motion for reconsideration because Westreich failed to establish any ground for relief. *See 389 Orange St. Partners v. Arnold*, 179 F.3d 656, 665 (9th Cir. 1999) (setting forth standard of review and stating that "a motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law") .

**AFFIRMED.**